## CLAYTON v. UNITED STATES.
### No. J-129.

Court of Claims.
Nov. 3, 1930.

428

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (J. S. Franklin, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, GREEN, and LITTLETON, Judges.

LITTLETON, Judge.

This case involves a claim for additional interest upon overassessments on joint returns filed for 1918 and 1919, which overassessments, so far as they had been paid, were allocated to the separate tax liability of plaintiff and his wife when determined on the community property basis, and certain portions of the amounts were credited against additional assessments. The credits were all taken after the approval of the Revenue Act of 1926, 44 Stat. 9, 119, and the allowance of interest thereon is governed by section 1116 of that act (26 USCA § 153 note).

The Commissioner allowed no interest upon the portions of the overassessments on the joint returns for 1918 and 1919 which were allocated and applied in satisfaction of the tax finally determined by him to be due separately by plaintiff and his wife, Julia S. Clayton, on the community property basis. On all other credits in controversy against original and additional taxes, the Commissioner allowed and paid interest to the due dates of such taxes, such "due dates" being determined by him to be the dates fixed by law for the payment of tax in installments upon the filing of returns for the years involved.

Plaintiff insists, first, that the additional assessments against which the credits were taken were additional assessments "made under" the Revenue Acts of 1924 and 1926 (43 Stat. 253 and 44 Stat. 9) and that under the provisions of section 1116 of the Revenue Act of 1926 interest on the amounts so credited was payable to the dates of the additional assessments; secondly, that, if the additional assessments were not made under the Revenue Act of 1926, but under the Revenue Acts of 1916 and 1918 (39 Stat. 756 and 40 Stat. 1057), the due dates of the additional

John C. White, of Washington, D. C. (R. C. Fulbright and Fulbright, Crooker & Freeman, all of Washington, D. C., on the brief), for plaintiff.

tax under section 250(b) of the Revenue Act of 1918 (40 Stat. 1083) was the date on which the collector gave notice and made demand; thirdly, that, when the tax of plaintiff and his wife was computed separately on the community property basis, the overassessments of the tax as shown 'assessed and paid on the original joint returns of plaintiff and his wife for 1918 and 1919 were overpayments by the plaintiff, and, when a portion of such tax was allocated in satisfaction of the tax due by Mrs. Clayton on the community property basis, interest was payable on such amounts to plaintiff as provided by section 1116 of the 1926 act as in the case of other credits.

The defendant contends, first, that, notwithstanding some of the additional assessments involved were made on dates subsequent to the enactment of the Revenue Act of 1921 (42 Stat. 227), they were for years prior to 1921, and were "made under" prior revenue acts as that term is used in section 1116 of the Revenue Act of 1926; secondly, that, as used in section 1116, the "due date" is the date on which the tax should have been paid and is the same as the date fixed for the payment of the original tax or the installments thereof; thirdly, that no interest was payable upon that portion of the tax paid upon the original joint returns which was allocated to the tax due by Mrs. Clayton on a separate community property basis, because the payment of that amount on the original joint return was merely a payment by her in respect of her tax.

The first two questions are the same as those considered and decided by this court in Riverside & Dan River Cotton Mills, Inc., v. United States, 37 F.(2d) 965. For the reasons stated in that case, we hold that the defendant is correct in its contention and that plaintiff is not entitled to additional interest claimed upon the ground stated.

■■ On the third issue, we are of opinion that the Commissioner of Internal Revenue correctly refused to allow and pay interest upon that portion of the overassessment on the original joint returns subsequently allocated to the tax determined to be due by Mrs. Clayton, computed on the community property basis. The correctness of the determination of the income and the tax due by plaintiff and his wife on the community property basis and their right to report their income on the community property basis is not in question. When the original joint returns of plaintiff and his wife were made and the tax shown thereon was paid, a part of the tax was paid on the community income belonging to the wife and out of community funds belonging to her. To the extent, therefore, of the payment of the original tax on the entire income shown on these returns which should have been paid by the wife, it was her tax paid out of community funds. When the Commissioner of Internal Revenue, upon the claim of plaintiff and his wife, determined and computed the income and the tax separately on the community property basis and allocated a portion of the tax returned and paid upon the joint returns to the tax due by the wife upon that portion of the community income allocated to her, he was in contemplation of law using her money which had been paid on the joint return out of undivided community funds in respect of the tax for which she would have been liable had separate returns been filed in the first instance. To the extent, therefore, of the tax liability of the husband and the wife when the income shown on the joint returns was divided between them, there was, in reality, no overpayment. But, for administrative purposes, the Commissioner correctly treated the excess of the tax shown and assessed on the joint return over that due by the plaintiff on a separate basis as an overassessment, since he signed the return, and his name only appeared on the assessment list. The community fund is an undivided fund in which the husband and the wife each have a one-half interest.

The contention of plaintiff that the provisions of section 284(a) of the Revenue Act of 1926 (26 USCA § 1065(a), with reference to the crediting of an overpayment on a return against any tax "then due by the taxpayer" must be literally construed; that the authority of the Commissioner is thus expressly limited to crediting overpayments to the tax due from the particular taxpayer; that the Commissioner has no legal authority in the case of a division of community income on a joint return equally between the husband and wife to credit one taxpayer's account with an overpayment by another taxpayer—argues against the claim that he and his wife had a right under the statute to make separate community property returns. We are of opinion that there is no merit in plaintiff's contention on the third issue.

The petition must be dismissed, and it is so ordered.

WHALEY, Judge, did not hear this case, and took no part in the decision thereof.