**Helen P. MARAGON**

v.

**The UNITED STATES.**

No. 530–53.

United States Court of Claims.

July 12, 1957.

Ellsworth T. Simpson, Washington, D. C., for plaintiff.

Harold S. Larsen, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant.

James P. Garland and Gilbert E. Andrews, Jr., Washington, D. C., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

In this case the defendant in 1953 withheld an overpayment of tax of $189.-45 by one taxpayer for 1951 and credited it against a deficiency of another taxpayer for 1944. As shown in the findings plaintiff and her husband, John F. Maragon, filed separate individual income tax returns for 1944. Plaintiff paid the tax due by her for 1944, but a deficiency was determined with reference to the separate tax return and liability of John F. Maragon for 1944.

We think under the facts that it is obvious that this plaintiff, a separate taxpayer, was not liable for the payment of the deficiency determined in respect of the tax of John F. Maragon for 1944. Section 3797(a) (14), 26 United States Code, 1952 ed., provides that "The term 'taxpayer' means any person subject to a tax imposed by this title." By paying and fully discharging her separate tax

liability for 1944, plaintiff fully met the requirement of this section and we know of no provision of law that would make her liable for the tax for 1944 of a separate taxpayer. Counsel for defendant argues, however, that under the provisions of section 51(b) (1), Title 26 United States Code, 1952 ed., plaintiff is liable for the 1944 deficiency of her husband, John F. Maragon, because for the year 1951 she filed a joint return, including therein her husband, who had no gross income for that year. This section provides:

"A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

It will be noted that the phrase "liability with respect to the tax" in this section has reference to the joint and several "liability" to the Government only with respect to the tax shown on the joint return, and not to a separate liability on a separate return for another year. The same is true with respect to refunds under 26 U.S.C., 1952, ed. § 322 (a) (1).[1] Plaintiff was clearly "the taxpayer" for 1951 so far as the year 1944 was concerned. She was not "the taxpayer" on the separate return of John F. Maragon for 1944.

In this case the defendant's tax withholding from plaintiff's salary for 1951 (the only year for which she filed a joint return) was $518.92, and her tax liability on her salary was only $329.47. Her tax was, therefore, overpaid by $189.45. The defendant illegally applied this amount in payment of a tax for 1944 for which plaintiff was not legally liable.

This court held in Hart Glass Manufacturing Co. v. United States, 48 F.2d 435, 73 Ct.Cl. 32, 43, that the Commissioner was not authorized by law to apply an overpayment of one taxpayer for 1918 to the payment of taxes due by another corporation for that year. In our opinion his action in the present case was illegal. In Philadelphia Rapid Transit Company v. United States, 10 F.Supp. 591, 81 Ct.Cl. 289, cert. denied, 300 U.S. 664, 57 S.Ct. 507, 81 L.Ed. 872, we held that the Commissioner acted illegally and without authority when he applied an overpayment of tax by a corporate lessee as a credit against a tax due from the lessor corporation, notwithstanding a contractual obligation of lessee corporation to pay taxes assessed against the lessor, since lessee was not "the taxpayer" within the meaning of the statute permitting credit of an overpayment against a deficiency.

We are not here concerned with community property laws of certain States which give a wife a vested one-half undivided interest in the income of her husband and vice versa, such as the laws of the State of Texas. See Clayton v. United States, 44 F.2d 427, 70 Ct.Cl. 740, and Lattimore et al. v. United States, 12 F.Supp. 895, 82 Ct.Cl. 97, 130, which involved joint returns and credits for the same year.

Section 12(d) of the Internal Revenue Code of 1939, as amended by section 301 of the Revenue Act of 1948, 26 U.S.C. § 12(d), has no application to this case since the income of plaintiff was not community property by the law of the jurisdiction, and the credit was not for 1951.

Plaintiff is entitled to recover $189.45, with interest as provided by law from March 15, 1952.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

MADDEN and WHITAKER, Judges, dissent.

[1]. "*Overpayment.* Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer."