ESTATE OF Helen M. McCLURE
v.
UNITED STATES.
No. 276–59.

United States Court of Claims.
April 7, 1961.

John D. Heckert, Washington, D. C., for plaintiff. John E. McClure, William P. McClure and McClure & McClure, Washington, D. C., were on the briefs.

Earl L. Huntington, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, Washington, D. C., for defendant. James P. Garland, Lyle M. Turner and George T. Qualley, Washington, D. C., were on the brief.

MADDEN, Judge.

The plaintiff estate claims that $2,107.47 of the Federal estate taxes which it was required to pay, should not have been assessed and collected from it, and should be refunded. The estate claimed a certain deduction on Schedule K of its estate tax return. The Commissioner of Internal Revenue disallowed the deduction, and thereby added the $2,107.47 to the tax. Our question is whether the Commissioner was right in disallowing the deduction. The facts have been stipulated.

The decedent, Mrs. Helen M. McClure, a resident of the State of Maryland, died on November 17, 1956, leaving a will in which she named her husband John E. McClure as executor and trustee of her estate. The will was duly admitted to probate and Mr. McClure was appointed executor. On March 22, 1957, he filed a joint Federal income tax return for himself and the decedent for the calendar year 1956. The return showed an adjusted gross income of $90,931.96 and a net tax liability of $31,537.74.

Of the income reported for 1956, only $5,850 was income of Mrs. McClure, the other $85,081.96 being income of Mr. McClure. Of the $31,537.74 tax liability shown on the return, $14,500 had been paid as estimated taxes, prior to the filing of the return, and the remaining $16,652.34 was paid out of the funds of the estate.

On February 14, 1958, the Federal estate tax return was filed. It reported a gross estate of $116,500.14. That return listed a deduction of $16,652.34, the amount of the income taxes paid out of the funds of the estate on the joint return for 1956. The Commissioner, in disallowing all of the deduction except $138.97, took the position that nearly all of the taxes paid on the joint return for 1956 were attributable to the income of Mr. McClure and that only the small part of it attributable to the income of Mrs. McClure could be used as a deduction from the gross estate, for estate tax purposes.

Section 6013 of the Internal Revenue Code of 1954, in its subsection (a) (2) and (3), permit the filing of a joint return in the circumstances here present. 26 U.S.C. § 6013(a) (2) and (3). Subsection (d) provides:

"(3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." 26 U.S.C. § 6013(d) (3).

Section 2053 says that the value of the taxable estate shall be determined by deducting from the value of the gross estate, *inter alia*, such claims against the estate

"as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." 26 U.S.C. § 2053.

Article 93, Sec. 6 of the Code of Maryland provides for the allowance to the executor, in his account, of, *inter alia*, "all taxes due by his decedent."

Treasury Regulations on Estate Taxes (1954 Code) § 20.2053–6, entitled "Deduction for taxes," provides, in subsection (f):

" * * * If income received by a decedent during his lifetime is included in a joint income tax return

filed by the decedent and his spouse, or by the decedent's estate and his surviving spouse, the portion of the joint liability for the period covered by the return for which a deduction would be allowed is the amount for which the decedent's estate would be liable under local law, as between the decedent and his spouse, after enforcement of any effective right of reimbursement or contribution. In the absence of evidence to the contrary, the deductible amount is presumed to be an amount bearing the same ratio to the total joint tax liability for the period covered by the return that the amount of income tax for which the decedent would have been liable if he had filed a separate return for that period bears to the total of the amounts for which the decedent and his spouse would have been liable if they had both filed separate returns for that period. Thus, in the absence of evidence to the contrary, the deductible amount equals

$$\frac{\text{decedent's separate tax}}{\text{both separate taxes}} \times \text{joint tax.''} \quad * \quad * \quad *.$$

The quoted Treasury Regulation specifically authorizes what the Commissioner of Internal Revenue did in the instant case. The plaintiff says that the regulation contradicts the statute which expressly provides for joint and several liability, and is therefore invalid. It relies upon decisions such as that of this court in Moore v. United States, 37 F. Supp. 136, 93 Ct.Cl. 208, certiorari denied, 314 U.S. 619, 62 S.Ct. 58, 86 L.Ed. 498, holding a spouse liable for all the taxes payable on a joint return. It cites cases holding that a spouse who had not participated in fraudulent acts which had given rise to the assessment of a penalty was nevertheless liable for the penalty. See, e. g. Kann v. Commissioner, 3 Cir., 210 F.2d 247, certiorari denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1109.

One who is jointly liable with another for income taxes and has been compelled to pay them is entitled to contribution from the other person liable for the taxes. Phillips-Jones Corp. v.

Parmley, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed. 221. The estate of a deceased taxpayer would, of course, have this right to contribution which the taxpayer had in his lifetime. If the tax is assessed against a deceased taxpayer's estate, upon a joint return lawfully made, and including income earned by the deceased taxpayer in his lifetime, the estate must, in fairness, have the same right of contribution. If it did not, the distribution of the estate might be improperly distorted. In the instant case, for example, if the beneficiaries of Mrs. McClure's will were persons other than Mr. McClure, the use of the estate's money to pay the taxes which were due on account of Mr. McClure's income would unfairly diminish the interests of those beneficiaries. The estate would, therefore, have a right of contribution against Mr. McClure which would require him to restore those funds to the estate. That right of contribution would be an asset of the estate, and if it was collectible, would be includible, like any other asset, for estate tax purposes. It is agreed, in the instant case, that Mr. McClure is solvent. If, then, the estate should be held entitled to a deduction for the income taxes on Mr. McClure's income, which it could have been required to pay, the deduction would be cancelled by the addition to the taxable estate of an exactly equivalent amount. The quoted regulation, which arrives at the proper result by disallowing the deduction in the first instance, rather than by first granting the deduction and then taking it away, is a valid regulation.

The right to contribution, in a proper case, is well known in the law of Maryland. Cunningham v. Cunningham, 158 Md. 372, 148 A. 444, 67 A.L.R. 1176; Brady v. Brady, 110 Md. 656, 73 A. 567.

The plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, Judge, concur.

LARAMORE and WHITAKER, Judges, took no part in the consideration and decision of this case.