UNITED STATES of America,
Plaintiff,

v.

Robert H. OLGEIRSON, Evelyn N. Olgeirson, Bank of North Dakota, Humble Oil & Refining Co., Stephens Lumber Co., Unemployment Compensation Division and Division of Workmens Compensation Bureau of the State of North Dakota, Quality Builders, Inc., Snell Sash & Door Co., Meisner & Co., W. T. Jennings Lumber Co., State of North Dakota, Defendants.

Civ. No. 704.

United States District Court
D. North Dakota,
Southwestern Division.

March 20, 1968.

David L. Drey, of Drey & Tuntland, Garrison, N. D., for James R. Stephens, d/b/a Stephens Lumber Co.

Charles Tighe, Bismarck, N. D., for Robert Olgeirson and Evelyn N. Olgeirson.

Joseph R. Maichel, Sp. Asst. Atty. Gen., for the office of the North Dakota State Tax Commissioner, Bismarck, N. D., for State of North Dakota.

Robert A. Birdzell, Sp. Asst. Atty. Gen., Bismarck, N. D., for Bank of North Dakota.

## MEMORANDUM AND ORDER

REGISTER, Chief Judge.

This is a civil action whereby the Plaintiff seeks a judgment for unpaid federal taxes and to foreclose certain tax liens against real property owned by the taxpayer-Defendants Robert H. and Evelyn N. Olgeirson. Jurisdiction of this Court is found in Title 28, Section 1340, U.S.C. and Section 7402(a) of the Internal Revenue Code of 1954. Default judgments have been rendered against the Defendants Humble Oil & Refining Company, Quality Builders, Inc., Snell Sash & Door Company, and W. T. Jennings Lumber Company. On June 28, 1967, Plaintiff filed its motion for judgment on the pleadings; this was followed on June 30 with the filing of a motion for judgment on the pleadings by Defendants Olgeirson. On August 30, 1967, a hearing concerning the then pending motions was held, at which time the testimony of Defendants Olgeirson was taken. On this date also, the Defendant Bank of North Dakota filed its motion for dismissal. Following the August 30 hearing, all motions were taken under advisement pending receipt of briefs, the last of which was filed on November 17, 1967.

The real property here involved is and has been since November of 1951 occupied as the homestead of Olgeirsons; ownership thereof is vested in Robert H. Olgeirson and Evelyn N. Olgeirson, husband and wife, as joint tenants.

For reasons of brevity and clarity, the various liens asserted against the subject property are categorized as follows:

(1) The judgment liens asserted by the Defendants Meisner & Company and the Unemployment Compensation Division, Workmens Compensation Bureau of the State of North Dakota;

(2) The statutory income tax and use tax liens asserted by the Defendant State of North Dakota;

(3) The mortgage liens asserted by Defendants Stephens Lumber Company and Bank of North Dakota; and

(4) The federal tax liens asserted by the Plaintiff United States of America.

### I. Judgment Liens

Section 47–18–04, N.D.C.C., sets forth the exceptions to the general provision exempting a homestead from execution or forced sale in satisfaction of a judgment lien (Section 47–18–01, N.D.C.C.). That excepting provision reads as follows:

"47–18–04. When homestead subject to execution.—A homestead is subject to execution or forced sale in satisfaction of judgments obtained in the following cases:

1. On debts secured by mechanics' or laborers' liens for work or labor done or performed or material furnished exclusively for the improvement of the same;

2. On debts secured by mortgage on the premises executed and acknowledged by both husband and wife, or an unmarried claimant;

3. On debts created for the purchase thereof and for all taxes accruing and levied thereon; and

4. On all other debts when it appears that said homestead is within a town plat and, upon an appraisal as provided by section 47–18–06, it appears that the value of said homestead is more than twenty-five thousand dollars over and above liens or encumbrances thereon, and then only to the extent of any value

in excess of the sum total of such liens and encumbrances plus said twenty-five thousand dollars."

It is undisputed that the judgment of Meisner & Company and the two judgments of the Unemployment Compensation Division were entered at a time when the subject property was being occupied as a homestead by the judgment debtor. It is further undisputed that the judgments of the Unemployment Compensation Division were rendered in connection with unpaid unemployment contributions owed by the judgment debtor Robert H. Olgeirson. There is no showing by either of the judgment creditors that the homestead has been appraised, or that its value over and above liens or encumbrances is in excess of twenty-five thousand dollars; in fact, at the August 30 hearing, upon inquiry by the Court, no counsel asserted that the gross value of the property exceeded twenty-five thousand dollars. There is no assertion made by the judgment creditor Meisner & Company that its judgment was rendered in connection with any of the matters set forth in Section 47–18–04.

A review of the facts presented leads this Court inescapably to the conclusion that the judgments above referred to do not come within the exceptions provided by Section 47–18–04, N.D.C.C., and that they are therefore not liens against the property here sought to be foreclosed.

It is pertinent to observe that neither of the judgment creditors here involved (Meisner & Company and the Unemployment Compensation Division, Workmens Compensation Bureau) submitted briefs in connection with this matter.

*II. Statutory Tax Liens*

The Defendant State of North Dakota, by its Tax Commissioner, asserts a statutory lien for unpaid use taxes and penalties, and a statutory lien for unpaid income taxes and penalties. The Tax Commissioner contends that applicable North Dakota statutes provide for the attachment of these alleged liens on a date which would place them high in priority under the "first in time, first in right" rule. The Plaintiff, on the other hand, contends: First, that the unpaid taxes giving rise to the alleged liens do not come within the exception of Section 47–18–04(3), N.D.C.C., and, Second, that the alleged liens were not choate at the time the federal tax liens attached and must therefore fail under the "first in time, first in right" rule.

It is stipulated by all parties that notice of the latest of the several federal tax liens was filed in the appropriate office on November 18, 1964. It is further stipulated by all parties that it was not until May 6, 1965 that the Tax Commissioner notified the lienor (Robert H. Olgeirson) to file correct and sufficient returns, based upon estimated amounts computed by the Tax Commissioner, concerning unpaid use taxes; and, further, it is stipulated that said Robert H. Olgeirson on May 6, 1965 filed with the Tax Commissioner returns establishing his state income tax liabilities for certain prior years. Upon these facts, the Plaintiff asserts that one of the elements of a perfected, or choate, lien was missing until May 6, 1965—that element being, of course, the necessary fact that the amount of the lien was not established. See: United States v. New Britain, Conn., 347 U.S. 81, at page 84, 74 S.Ct. 367, 98 L.Ed. 520; and United States v. Equitable Life Assur. Soc'y, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593.

Since this matter has been argued and briefed, the Court of Appeals for the Eighth Circuit has rendered an opinion in United States v. First National Bank & Trust Company of Fargo, North Dakota, 8 Cir., 386 F.2d 646 (1967), in which that Court reversed the Honorable Ronald N. Davies, a Judge of this Court, for holding precisely in line with what the Tax Commissioner argues here. The gist of the decision of the Court of Appeals in that case is that, in line with *New Britain,* supra, and Equitable Life Assur. Soc'y, supra, a state tax lien does not become specific, perfected or choate *until the amount of the lien is established.* The undisputed facts before us

reveal that date to be May 6, 1965. It follows that the federal tax liens, the last of which was noticed of record on November 18, 1964, are entitled to priority over the alleged statutory liens of the State of North Dakota for unpaid use and income taxes under the "first in time, first in right" doctrine.

Because of the dispositive effect of this conclusion, together with the fact that all parties have stipulated that the mortgage liens are prior in time and entitled to priority over all other liens asserted in this action, this Court need not and will not determine the issue whether North Dakota statutory tax liens of this character will attach to homestead property—a question which apparently has not been resolved by the Supreme Court of North Dakota.

### III.  Mortgage Leins

█ The mortgage liens asserted by Defendants Stephens Lumber Company and Bank of North Dakota have been, as above stated, stipulated to be prior and superior to all other liens here involved. Therefore, there is no question of their priority before the Court. However, the Defendant Bank of North Dakota has filed a motion to dismiss, based upon all the records, documents and other pertinent matters here on file, which motion has not in any manner been resisted by any of the parties hereto. This being the case, and good cause heretofore appearing, the subject property will be ordered sold subject to the valid, subsisting first mortgage owned by said Bank of North Dakota.

### IV.  Federal Tax Liens

█ Taxpayer-Defendants Olgeirsons first contend that their homestead property is not subject to federal tax liens by virtue of the homestead exemption laws (Chapter 47–18, N.D.C.C.). The short answer to this assertion is found in United States v. Heasley, 283 F.2d 422, 427 (8 Cir., 1960), wherein it is stated:

"Furthermore, exploration of the question on the merits has convinced us that *as against federal tax liens, home-*

*stead exemptions prescribed by state laws, are of no effect."* (Emphasis added.)

Upon this authority, we hold that the federal tax liens asserted in this action are valid, choate and existing liens upon the homestead property owned by the Defendants Olgeirson, and are subject to foreclosure action upon order of this Court.

Having determined that the Plaintiff is entitled to an order foreclosing its tax liens against the property described in the Complaint, and an order directing that such property be sold at public sale, we turn to the problems spawned in making proper allocation of the proceeds of such sale.

We previously noted that the subject property is owned by the Defendants Olgeirson and held by them as joint tenants. As such joint tenants, each of the Olgeirsons owns an equal share in the property and is entitled to be credited with an equal share of the proceeds derived from a sale thereof. This conclusion is apparently not disputed by any of the parties.

There are two categories of federal tax liens involved in this action: (1) a federal lien for unpaid income taxes, assessed against both Robert H. and Evelyn N. Olgeirson, notice of such lien being filed in the appropriate office on August 20, 1953; and (2) three separate federal liens for unpaid withholding and FUTA taxes, assessed against Robert H. Olgeirson only, notices of such liens being filed in the appropriate office on August 8, September 16 and November 18, 1964. As between these two categories of federal tax liens, it thus appears that the lien for unpaid federal income taxes asserted against the taxpayers Olgeirson, together, is superior and prior to the federal tax liens asserted solely against the taxpayer Robert H. Olgeirson.

For many years prior to and including the year 1959, the Defendants Olgeirson filed a joint federal income tax return. No income tax returns were filed by

either of the Defendants Olgeirson for the years 1960 and 1961. Appropriate action by the Internal Revenue Service resulted in assessments being made against the Defendants Olgeirson for the years 1959, 1960 and 1961, for unpaid personal income taxes, penalties and interest. The amount of taxes due for each of the years in question was determined by an agent of the Internal Revenue Service, and culminated in the preparation and execution of an Internal Revenue Service Form 870 (Gov. Exhibit 1). This form, entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" sets forth the amount of income tax and penalty due for each of the three years involved, computed upon the basis of a *joint* income tax return being made by the Defendants Olgeirson, and was executed by Robert H. Olgeirson and Evelyn N. Olgeirson on April 5, 1963.

Upon the basis of the assessments as made in this document, the Plaintiff contends that the liability for unpaid income taxes, penalties and interest is joint and several for each of the three years involved. Defendants Olgeirson, while conceding that the liability for the year 1959 is a joint and several liability, nevertheless argue that the liability for the years 1960 and 1961 is the sole liability of Robert H. Olgeirson —not withstanding the existence of the executed Form 870. Olgeirsons recognize the monetary benefit accruing to them by reason of computing the taxes due on a joint basis, rather than an individual basis, but contend that, since Evelyn N. Olgeirson had no income for the years 1960 or 1961, they (Olgeirsons) probably would not have filed joint returns for those years. Mrs. Olgeirson testified that Form 870, when presented to her for her signature, was not explained to her; that she, in effect, did not comprehend exactly what she was signing; but that she did sign such form upon the advice and direction of her husband.

The Court rules in favor of the Plaintiff on this issue. Clearly, the advantage to Olgeirsons lies with the execution and filing of a consent to the assessment (Form 870) as if a joint return had been filed, since they are then benefited by reduced tax rates. Had Olgeirsons elected not to execute Form 870 jointly, then the Internal Revenue Service would have had no alternative but to make an assessment against Robert H. Olgeirson only, computed upon an individual basis at the higher tax rate. Under the circumstances here present, it is clear that the Defendants Olgeirson intended to take advantage of the reduced tax rates afforded those filing joint returns by signing jointly the Form 870. A finding to the contrary would be wholly unrealistic.

We therefore find that the liability for deficiencies in unpaid income taxes for the years 1959, 1960 and 1961, assessed as a result of the authorization contained in Government Exhibit 1 (Form 870), is joint and several.

We have purposely avoided making reference to dollar amounts in discussing the liens here involved, for the reason that apparently certain payments or other adjustments have been made since the filing of the complaint and the several stipulations. Undoubtedly in preparing a judgment herein, counsel and the parties are in a position to arrive at current, true amounts.

Now, Therefore, having considered the motions now pending, together with the testimony, exhibits, briefs and other pertinent documents on file herein, and being fully advised in all the premises, it is

ORDERED that the Motion for Dismissal presented by the Defendant Bank of North Dakota be, and the same hereby is, in all things, *granted*; and it is further

ORDERED that the within action and complaint against said Bank of North Dakota be, and the same hereby is, in all things, *dismissed*. Counsel for said

Bank of North Dakota will forthwith prepare and submit appropriate form of judgment in conformity herewith.

It is further

ORDERED that the pending Motion for Judgment on the Pleadings presented by the Defendants Olgeirson be, and the same hereby is, in all things, *denied.* It is further

ORDERED that the Plaintiff has a valid and subsisting lien on the real property jointly owned by Defendants Olgeirson, described as Lot Eight (8), Block Four (4), Highland Acres Addition to the City of Bismarck, North Dakota; that such liens be foreclosed against said property; and that such property be sold (subject to the valid and subsisting mortgage lien of Bank of North Dakota) according to law, and that distribution of the proceeds thereof, after deducting the costs of such sale, be made in the following manner:

(1) The lien of Stephens Lumber Company be fully paid and satisfied;

(2) The lien of Plaintiff United States of America for unpaid income taxes for the years 1959, 1960 and 1961 be in all ways fully paid and satisfied;

(3) The sum remaining after satisfaction of the liens referred to in paragraphs (1) and (2) be equally divided and one-half thereof be turned over to Evelyn N. Olgeirson;

(4) From the sum remaining after disposition has been made in fulfilling paragraphs (1), (2), and (3) hereof, the federal liens for unpaid withholding and FUTA taxes be fully paid and satisfied. In this connection, if the funds remaining are insufficient to satisfy this requirement, then the Plaintiff shall have a deficiency judgment against Robert H. Olgierson in an amount equal to the unpaid balance.

(5) If there remains any monies from the aforesaid sale, after satisfy-

ing the requirements of paragraphs (1), (2), (3), and (4) hereof, then the same shall be paid over to Robert H. Olgeirson.

Counsel for the Plaintiff shall forthwith prepare and submit an appropriate form of Judgment in conformity with this memorandum and order.

We consider the foregoing memorandum and order to fully satisfy the conditions of Rule 52(a), Federal Rules of Civil Procedure.