**Frances ROSEN and Norman Rosen as tenants by the entireties and Frances Rosen, Individually, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 73–1650.**

United States District Court,
E. D. Pennsylvania.

July 29, 1975.

Stuart R. Lundy, Philadelphia, Pa., for plaintiffs.

Donald T. Fish, Dept. of Justice, Washington, D. C., for defendant.

## OPINION

DITTER, District Judge.

The question in this case is whether an overpayment on a joint income tax return, all the income having been produced by the husband's business, must be used to reduce his subsequent liability for underpayment of certain employment taxes. The matter comes before the court on cross-motions for summary judgment. I conclude that the motion of the government must be granted.

The parties have stipulated to the facts giving rise to this suit. Plaintiffs Norman and Frances Rosen, husband and wife, filed timely joint income tax returns [1] for the years 1968 through 1971. All income on those returns was attributable to Mr. Rosen, a retail clothier, who traded as Nor-Len Company, and all losses on the 1971 return resulted from the same business. In April, 1972, plaintiffs filed with the Internal Revenue Service (the Service) Form 1045, an Application for Tentative Refund from Carryback of Net Operating Loss or Unused Investment Credit. On the basis of a net operating loss of $36,040. for 1971, plaintiffs claimed income tax reductions for 1968 and 1969 totalling $4,863. The Service allowed the claimed net operating loss, but applied the resulting overpayments for 1968 and 1969 to Nor-Len's 1971 liabilities for unemployment and social security taxes and for taxes withheld by Nor-Len from its employees but not remitted to the Service.[2] Mr. Rosen admittedly was personally liable for these sums. Thereafter, Frances Rosen filed a timely Claim for Refund, which was disallowed by the Service. This suit followed. The only portion now pursued is that of Mrs. Rosen for one-half the 1968 and 1969 overpayments, it having been conceded the other one-half was properly applied by the Service to Mr. Rosen's tax liability.

Spouses filing a joint return have separate interests in any overpayment, the interest of each depending on his or her income, i. e., an overpayment is apportionable to a spouse to the extent that he or she contributed to the overpaid tax. *See Maragon v. United States*, 153 F.Supp. 365, 139 Ct.Cl. 544

---

1. The Internal Revenue Code of 1954, 26 U.S.C. § 6013, provides that if a husband and wife file a joint return, the tax is computed on their aggregate income, and their liability with respect to the tax is joint and several. However, they may file a joint return even though one of the spouses has neither gross income nor deductions.

2. The Internal Revenue Code of 1954, 26 U.S.C. § 6402, states:

SEC. 6402. *Authority To Make Credits Or Refunds.*

(a) General Rule.—In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

(1957).[3] Moreover, the Tax Court repeatedly has held that the filing of a joint return does not have the effect of converting the income of one spouse into the income of the other. *See, e. g., Robert A. Coerver*, 36 T.C. 252 (1961), aff'd. per curiam, 297 F.2d 837 (3d Cir. 1962); *Marie A. Dolan*, 44 T.C. 420 (1965). Conversely, however, 26 U.S.C. § 6013(d)(3), note 1 *supra*, has been construed to render a wife responsible for the tax liability of her husband if they have filed a joint return, even though she neither incurred nor generated the income giving rise to the tax obligation. *See Sylk v. United States*, 331 F.Supp. 661, 663–64 (E.D.Pa.1971); *United States v. Olgeirson*, 284 F.Supp. 655, 659 (D.N.D.1968).

In *Maragon v. United States, supra,* a husband and wife who both had income, filed a joint 1953 income tax return as a result of which they became entitled to an overpayment refund. Instead of refunding the overpayment, the Service applied the full amount to a 1944 tax liability incurred by the husband prior to the taxpayers' marriage. The court held that since joint and several tax liability applies only to joint returns by both taxpayers, and not to separate tax returns of each, the plaintiff wife was entitled to her refund. The facts in the case at bar differ markedly from those in *Maragon*. Most importantly, here the husband generated all the taxable income and the taxpayers were married prior to all the critical events.

Revenue Ruling 74–611, which expressly revoked Revenue Rulings 56–92, 1956–1 C.B. 564, and 71–324, 1971–2 C.B. 410,[4] lays plaintiffs' claim completely to rest. There the husband and wife filed a joint return wherein the entire tax liability was paid by the wife. Subsequently, it was determined that there was an overpayment, which the Service credited against tax due from the husband for a prior year. Reasoning that because a joint income tax return does not create new property interests for a husband or wife in each other's income tax overpayment,[5] Revenue Ruling 74–611 declares that the Service's action was improper.

The Ruling concludes:

> In this case, the wife having paid the entire amount of the tax is entitled to the entire amount of the overpayment. Accordingly, the Service may not credit the overpayment on the joint return against the separate tax liability of the husband for a prior year.

Applying these principles to the instant facts, I am persuaded that the Service correctly credited the total 1968 and 1969 overpayment against the 1971 employment tax liability of the plaintiff husband. Mr. Rosen produced the income which required the payment of

---

3. Accordingly, if one spouse goes bankrupt, only his share of the refund goes to the trustee in bankruptcy, *In re Wetteroff*, 324 F. Supp. 1365 (E.D.Mo.1971), aff'd., 453 F.2d 544 (8th Cir. 1972), or if one spouse dies, his share of the refund goes to his estate rather than to the survivor, *McClure v. United States*, 288 F.2d 190, 153 Ct.Cl. 226 (1961); Estate Tax Regs. § 20.2053–6(f).

Plaintiffs' counsel conceded at oral argument that had the plaintiff wife contributed 10 percent of the taxable income and her husband the remaining 90 percent, her interest in any refund would rise to a level of only 10 percent. In light of this concession, Mrs. Rosen's claim of 50 percent of the refund, *when she contributed no income*, is difficult to understand.

4. Rev.Rul. 56–92 concluded that both husband and wife jointly and severally represent the person who made the overpayment within the meaning of section 6402 of the Code, and that the entire overpayment "may be credited against the separate tax liability of either the husband or the wife for a prior year."

Rev.Rul. 71–324 modified Rev.Rul. 56–92 by holding that an overpayment on a joint return filed by a husband and his current wife may not be credited against an outstanding tax liability on a joint return filed by the husband and his former wife, since a different joint "person" is created by the husband's remarriage.

5. As already stated, note 3 *supra*, this point was conceded by plaintiffs' counsel at oral argument.

taxes, incurred the loss which subsequently meant those taxes were overpaid, and it is his tax liability which is being reduced by the Service's application of those overpayments.

For the above-stated reasons then, the plaintiff's motion for summary judgment will be denied, and the defendant's motion for summary judgment will be granted.