83 N.J. Super. 287 (1964)
199 A.2d 407
IN THE MATTER OF THE ESTATE OF WILLIAM T. CARSON, DECEASED.
Superior Court of New Jersey, Camden County Court, Probate Division.
Decided March 26, 1964.
*289 Mr. James P. MacLean, III, appearing for executors (Messrs. Archer, Greiner, Hunter & Read, attorneys).
Mr. Charles H. Nugent, attorney for Mary A. Carson, individually.
PASCOE, J.C.C.
The Philadelphia National Bank and Mary A. Carson, executors of the estate of William T. Carson, deceased, filed a complaint seeking allowance of the first and final account of their administration. Mary A. Carson, individually, objects to that portion of the accounting wherein a federal income tax refund of $1,144.36 is declared to be a charge on corpus.
William T. Carson died on May 7, 1962. The fiduciaries of his estate and the decedent's widow filed a joint return for the year 1962 in accordance with section 6013(a) (3) of the Internal Revenue Code of 1954. The joint return listed the income of both the deceased William T. Carson and his widow. There were credits arising out of withholding payments on the decedent's earnings, but no credits were attributable to the income of Mary A. Carson. The sole question before this court is whether the refund check drawn by the Treasury Department belongs to the estate of William T. Carson, the surviving widow Mary A. Carson or jointly.
It is the contention of the attorney for Mary A. Carson, individually, that section 6013(d) (3) of the Internal Revenue Code of 1954 grants her part ownership in the refund. That section of the Code provides,
"if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."
Since the widow was liable for any overpayment of taxes, she should be the recipient at least in part of any overpayment of taxes on a joint return.
It is the opinion of this court that the arguments of the attorney for Mary A. Carson are not valid in light of the *290 elementary rules involving statutory construction. The Internal Revenue Code of 1954 was enacted for the express purpose of providing an efficient and fair method of collecting the necessary tax revenue for the support of the Federal Government. Any provisions of this Code must be read with this purpose in mind. Congress may prescribe tests of ownership which are reasonably designed to prevent tax avoidance and to promote uniformity in the operation of federal law. Since the income tax is imposed by the federal statute, all questions of liability are ultimately to be resolved under federal law. Nevertheless, where the tax depends upon a property right, the existence of that right must be determined under local law. Contested adjudications of state courts are controlling as to such property rights. The importance of local law concerning property rights when dealing with federal revenue statutes is well documented. 5 Rabkin & Johnson, Federal Income Gift & Estate Taxation, § 71.08, pp. 7166-7171 (1962).
The purpose of section 6013 was to equalize the tax burden for married persons in all states, whether the persons are residents of a community property state or not. It was not intended to deal with ownership rights between taxpayers, but merely concerns itself with the efficient and orderly process of collecting the tax revenue of the Federal Government.
A second contention by attorney for Mary A. Carson individually is that section 6402 of the Internal Revenue Code of 1954 supports the claim of the widow for a portion of the refund. This section of the Internal Revenue Code and the regulations promulgated thereunder merely provide that refund checks can be made payable to both husband and wife. There is nothing in this section of the Code nor the regulations of the Treasury Department which would indicate that in a factual situation such as we have before us the widow would be entitled by federal law to the benefits of the overpayment.
The sole case cited by Mary A. Carson individually is Maragon v. United States, 153 F. Supp. 365, 139 Ct. Cl. 544 *291 (1957). That case involved a situation where the husband had filed a separate income tax return in 1944. A joint return was filed in 1951 resulting in an overpayment of $189.45 for the year 1951. The Commissioner of Internal Revenue sought to have the overpayment of 1951 applied to the deficiency arising out of the separate tax return of 1944. The court did not allow this overpayment to be applied in reducing the deficiency of 1944 because there were different "taxpayers" involved in each of the years in question. In 1944 the sole taxpayer under the return involved was the husband, and no joint liability concerning his spouse was involved. In 1951 there was a joint return and both spouses were liable for that year. In 1951 the wife's withholding was $518.92, while her tax liability was only $329.47. Therefore, the entire overpayment of $189.45 was directly attributable to her alone. That case is not an authority for the proposition asserted by counsel for Mary A. Carson but on the contrary substantiates the cases discussed below in this opinion.
There are two cases directly on point concerning the ownership of refunds when only one spouse has actually paid the overpayment. The first of those cases is In re Illingworth, 51 Am. Fed. Tax R. 1512 (D. Ore. 1956). There the wife of the bankrupt was held not to be entitled to one half of the proceeds of a refund check received as a result of filing a joint return. Since the wife had no earnings and withholdings for tax purposes, the trustee in bankruptcy as successor to the husband's claim was entitled to the entire amount of the refund. The court explained that in a tax refund situation the husband is merely taking advantage of the statute which gives to residents of non-community property states the benefit accorded to those of community property states by permitting them to file joint tax returns and thus reduce the tax they would otherwise have to pay. The court went on to make specific note that the federal statutes do not change the ownership of any property between a husband and wife and that the mere filing of a joint return did not vest in the wife any title to any part of the tax refund; that the court must look *292 to the actual earnings and withholdings to determine any apportionment of an overpayment in taxes.
In the case of Stanley A. Dunn, P-H Tax Ct. Mem., par. 63,189, p. 63-1037 (1963), the tax court agreed with the federal court in Illingworth. The filing of a joint return does not have the effect of conforming the income of one spouse to the income of the other. Specifically, the income reported in the tax return was predominantly that of the husband, Stanley A. Dunn, and the refund check should be credited to the husband. Furthermore, in the case of Gooding v. Commissioner of Internal Revenue, 27 T.C. 627 (1957), affirmed 250 F.2d 765 (D.C. Cir. 1957), a portion of the opinion seems to follow the same line of reasoning as demonstrated in the Illingworth decision. In the Gooding case the court mentions
"since Gooding and his present wife did not pay any of the $14,000 for which they claim credit such amount cannot represent an overpayment by them."
The specific holding of that opinion was that a husband and his present wife are not entitled to take credit on their joint income tax return for any tax payments which the former wife made both before and after the divorce in respect of certain declarations of estimated tax.
In conclusion, it is the finding of this court that the ownership rights to the overpayment of federal income taxes were not changed by the mere filing of a joint return by the executor and the widow of the deceased. The local law of personal property clearly applied and no evidence has been presented before this court which would contradict the assertions and proof that sole ownership of the overpaid funds rested in the deceased William T. Carson and subsequently in his estate on his demise.
Kindly prepare an order accordingly.