**In the Matter of Gary Gene WETTER-OFF, Bankrupt.**

**No. 70 B 661.**

United States District Court,
E. D. Missouri, E. D.

Feb. 17, 1971.

Jack C. Harper, St. Louis, Mo., Sheldon D. Grand, Trustee, Clayton, Mo., for bankrupt.

Richard A. Littmann, Clayton, Mo., for Trustee.

## MEMORANDUM AND ORDER

REGAN, District Judge.

This is a petition for review of an order of the referee in bankruptcy which requires petitioner Joan M. Wetteroff, the wife of bankrupt, to endorse a federal income tax refund check, or in the event she fails to do so, directs the trustee to endorse said check in her behalf, the proceeds thereof to be administered upon as an asset of the bankruptcy estate free and clear of any and all claims.

Upon petition of the trustee in bankruptcy, the referee issued an order to show cause directed to Mrs. Wetteroff and service of said order to show cause was duly had. In response to said order, Mrs. Wetteroff appeared and was given an adequate opportunity to be heard. In her motion to dismiss and answer, Mrs. Wetteroff asserted that the bankruptcy court was without jurisdiction over her person and that it lacked jurisdiction to determine the merits of this summary proceeding. The motion to dismiss being overruled, both bankrupt and his wife testified in the proceeding before the referee on the merits.

The facts, as found by the referee, and not controverted, are as follows: Bankrupt and Joan M. Wetteroff have been married and have lived together as husband and wife for ten years. Prior to bankruptcy, a joint tax return was filed by the Wetteroffs in respect of income earned by bankrupt in 1969. Mrs. Wetteroff having no taxable income, the only income reported on the return was wages paid to bankrupt. The right to a refund of taxes arose from an overpayment by bankrupt attributable solely to income taxes withheld by his employer from wages paid to bankrupt during 1969. A claim to the refund was made on the joint tax return. Subsequent to bankruptcy a check in payment of the claim for the income tax refund was issued, payable to Gary and Joan Wetteroff.

The basic premise of the petition for review is that the income tax refund check constitutes an estate by the entirety and as such does not pass to the trustee in bankruptcy. The jurisdictional contentions are also preserved.

There is and can be no question but that under Missouri law, personal property, including choses in action, may be owned by husband and wife as tenants by the entirety, and that property held by the entirety does not vest in the trustee in bankruptcy of the estate of one spouse. The referee expressly recognized these principles of law but held that they do not apply to the instant facts. We agree. In his memorandum opinion, the referee carefully analyzed the evidence and the applicable law and on the basis thereof correctly concluded that the right to the income tax refund belonged to the bankrupt alone.

Petitioners contend that the authorities cited by the referee are inapplicable because in each instance the state in which the case arose did not recognize a right to create tenancies by the entirety in personal property. We find no basis for so distinguishing these cases. The thrust of the pertinent cases is that since only the husband had earnings and had in fact made the overpayment, the mere fact that a joint return was filed to take advantage of the tax benefits accorded to taxpayers in non-community property states did not operate to vest in the wife any title to the tax refund

which was solely attributable to the husband's earnings and the withholdings therefrom.

Under the facts of the present case, what was withheld from the husband's wages and paid to the Government to the credit of the husband alone was money in which only the husband had any interest, so that the right to a refund of the excess withholdings of the husband's money belonged solely to him. Hence, no entirety estate ever having been created, the interest of the bankrupt to the tax refund passed by operation of law to the trustee. The referee was clearly correct in so holding and in denying the contention of petitioners that an estate by the entirety had been created in the tax refund. We are also in accord with the holding of the referee in his supplemental memorandum opinion, for the reasons stated therein, that the bankruptcy court had jurisdiction over the person of the wife as well as jurisdiction to adjudicate the issues.

Accordingly, the order of the referee in bankruptcy here reviewed should be and is hereby affirmed and confirmed and the petition for review denied.

## MEMORANDUM OPINION

ROBERT E. BRAUER, Referee in Bankruptcy.

Pending for disposition is the trustee's Petition For Order To Show Cause Why Joan M. Wetteroff Should Not Be Required To Endorse Federal Income Tax Refund Check, etc., filed on June 25, 1970, and Joan M. Wetteroff's Motion To Dismiss, filed July 10, 1970. The matters in issue were heard and submitted, on August 4, 1970.

The substantive issue is whether or not the trustee is entitled to a federal income tax refund, of $541.67, on account of the overpayment in 1969 of federal income taxes due to be paid on aggregate income earned during that year, where the bankrupt and his non-bankrupt wife, said Joan M. Wetteroff, filed a joint income tax return in respect of income earned in 1969, but where the

overpayment and refund are attributable solely to withholding taxes, or tax credits, deducted from the bankrupt's wages paid to him during 1969. The trustee claims all of the refund. Joan M. Wetteroff claims that the trustee is not entitled to any of the refund, because under Missouri law (she says) the refund is entirety property which does not vest in a trustee in bankruptcy.

Evidence was heard, on August 4, 1970, when Joan M. Wetteroff testified that she has been married to the bankrupt for 10 years, and has lived with him as his wife continuously since that time; that a joint income tax return was filed in respect of income earned in 1969; that an income tax refund was claimed on that return, and a $541.67 tax refund check received, payable to the bankrupt (her husband) and to herself; that she refused to endorse the check to the trustee in bankruptcy, because the check is made payable to both, and is "not just for him" (her husband); that it was her intent that when the tax return was signed, the refund money was to belong to both. She said that the refund resulted from her husband's deliberate failure to claim all exemptions (for withholding tax purposes) during the course of the (work-tax) year; that he claims only two (whereas they have six minor children, or eight tax exemptions). She said that in previous years, the refunds have been used to buy clothing and food, and to provide shelter, for the children. She said that a separate income tax return had not been filed by her since her marriage to the bankrupt; she has had no employment or other separate income since the first one and a half years of the marriage. She said that when the joint return was filed, it was her intention that she alone did not have an interest in the anticipated refund, that her husband alone did not have an interest therein, but that they together had a joint interest in that anticipated refund.

On cross-examination she testified that during 1969 she worked at home; that she did not work outside the home;

that she received no wages in 1969; that no money was withheld for taxes from any compensation due or paid to her in 1969; and that she did not contribute anything to the refund.

The bankrupt also testified, that he thought the refund was a joint refund; that he thought it was like a joint bank account to which he deposited his wages, where each (he or his wife) was entitled to draw on the account; and that he felt by the filing of a joint return he was making a gift of (an interest in) the refund to his wife.

■ ■ At the close of the hearing, in support of her position, in oral argument, Joan M. Wetteroff cited for the court's consideration Renard v. Butler (1930) 325 Mo. 961, 30 S.W.2d 608; Ray v. Ray (Mo.App.1960) 336 S.W.2d 731; Shipman v. Fitzpatrick (1942) 350 Mo. 118, 164 S.W.2d 912; Smith v. Smith (Mo.App.1957) 300 S.W.2d 275; Ryan v. Ford (1910) 151 Mo.App. 689, 132 S.W. 610; and Rezabek v. Rezabek (1917) 196 Mo.App. 673, 192 S.W. 107. None of these authorities is in point, although they announce (1) that personal property may be owned by a husband and wife as tenants by the entirety, and (2) that property owned by an entirety entity, where only one spouse is in bankruptcy, does not vest under Section 70a of the Bankruptcy Act, Sec. 110a, Title 11 U.S.C., in the bankrupt-spouse's trustee in bankruptcy.

This Court would not presume to challenge either of such principles; indeed, they are literally applied routinely, *in appropriate circumstances*, by this Court almost daily. I do not perceive that the matter in issue is to be resolved by the application of those principles.

■ Here, the bankrupt was employed throughout 1969. As he was paid, certain sums were withheld from his wages for application against an income tax liability: i. e., in the vernacular, withholding taxes were collected from his wages as they were paid to him. His wife, during 1969, had no taxable income, so that no sum of money, for

withholding taxes, was collected from her; and, she did not, in 1969, otherwise make any payments against an anticipated income tax (as, by payments against an estimated tax liability). Following the end of the calendar-tax year, they filed a "single return jointly of income taxes", as permitted by Section 6013(a) of the Internal Revenue Code, Sec. 6013(a), Title 26 U.S.C.

Even so, property interests or ownership interests in the refund claimed on the return, which resulted from an overpayment of income taxes due to be paid, are not determined or delineated by the form of the return employed, as the return relates only to the income tax due to be paid by the taxable unit. In re Carson (1964) 83 N.J.Super. 287, 199 A.2d 407, citing In re Illingworth (Ref. Op. D.C.Ore.1956) C.D.H.Dec. 58, 873, 51 Am.Fed.Tax R. 1512, and Stanley A. Dunn, P–H Tax Ct. Mem., par. 63, 189, p. 63–1037 (1963). See, also, In re Buchholtz (D.C.Minn., 1966) 259 F. Supp. 31; In re Goodson (D.C.Cal., 1962) 208 F.Supp. 837; Zeeman v. U. S. (D.C.N.Y.1967) 275 F.Supp. 235, 254, 255.

■ The purpose of Section 6013(a), supra, is to put taxpayers in common law states and community property states on a parity, to equalize the tax burden for married persons in all states, whether the states are community property states or not. See, cases cited in note 2, to Sec. 6013, Title 26, U.S.C.A. As stated, in In re Carson, supra (199 A.2d loc. cit. 409, 410):

"The purpose of Section 6013 was to equalize the tax burden for married persons in all states, whether the persons are residents of a community property state or not. It was not intended to deal with ownership rights between taxpayers, but merely concerns itself with the efficient and orderly process of collecting the tax revenue of the Federal Government."

Continuing:
"There are two cases directly on point concerning the ownership of re-

funds when only one spouse has actually paid the overpayment. The first of those cases is In re Illingworth, 51 Am.Fed.Tax R. 1512 (D. Ore., 1956). There the wife of the bankrupt was held not to be entitled to one-half of the proceeds of a refund check received as a result of filing a joint return. Since the wife had no earnings and withholdings for tax purposes, the trustee in bankruptcy as successor to the husband's claim was entitled to the entire amount of the refund. The court explained that in a tax refund situation the husband is merely taking advantage of the statute which gives to residents of non-community property states the benefit accorded to those of community property states by permitting them to file joint tax returns and thus reduce the tax they would otherwise have to pay. The court went on to make specific note that the federal statutes do not change the ownership of any property between a husband and wife and that the mere filing of a joint return did not vest in the wife any title to any part of the tax refund; that the court must look to the actual earnings and withholdings to determine any apportionment of an overpayment in taxes.

"In the case of Stanley A. Dunn, P–H Tax Ct. Mem., par. 63, 189, p. 63–1037 (1963), the tax court agreed with the federal court in Illingworth. The filing of a joint return does not have the effect of conforming the income of one spouse to the income of the other. Specifically, the income reported in the tax return was predominantly that of the husband, Stanley A. Dunn, and the refund check should be credited to the husband. * * *"
Concluding:

" * * * it is the finding of this court that the ownership rights to the overpayment of federal income taxes were not changed by the mere filing of a joint return by the executor and the widow of the deceased. The local law of personal property clearly applied and no evidence has been presented before this court which would contradict the assertions and proof that sole ownership of the overpaid funds rested in the deceased William T. Carson and subsequently in his estate on his demise."

Accordingly, it is my judgment that bankrupt's wife, Joan M. Wetteroff, has no interest in the refund check, because she did not contribute to the overpayment which gives rise to the refund. Hence, she does not have an interest, either, in the check, and consequently is being ordered, by separate order entered on this date, to endorse the check to the order of the trustee in bankruptcy, the trustee then to deposit the check to a trust account and the proceeds thereof to be administered upon as an asset of this bankruptcy estate. The order shall also provide that in the event Mrs. Wetteroff fails to endorse the check, as aforesaid, then the trustee shall endorse it in her stead and administer upon the proceeds as an asset of this estate. Her Motion To Dismiss is being overruled, also.

Such order is being entered notwithstanding Mrs. Wetteroff's testimony, and the bankrupt's testimony, that the refund was thought of, by them, as being owned jointly and as not being owned by either without the other. This testimony is not entitled to any probative value even if credible. Furthermore, it is not credible, in my judgment. It cannot believe that, when the joint return was prepared for filing and signed, either the bankrupt or his wife, or both together, engaged in any such philosophical considerations as their testimony would imply.

Dated, at Saint Louis, Mo., this 24th day of August, 1970.

## SUPPLEMENTAL MEMORANDUM OPINION

ROBERT E. BRAUER, Referee in Bankruptcy.

This supplemental opinion is filed because of the allegations, in the Petition For Review filed on September 16, 1970,

by Joan M. Wetteroff, that this Court lacks jurisdiction to determine the merits of the controversy concerning the income tax refund; that her interest in the refund can be determined only by resort to a plenary proceeding. See paragraph V, Petition For Review.

At the outset, it's to be noted that petitioner raised the jurisdictional issue in her Motion To Dismiss, filed on July 10, 1970, which this Referee actually treated, not only as a Motion To Dismiss, but also as an answer to the trustee's Petition For Order to Show Cause, etc. (filed June 25, 1970), upon which the order complained of was entered. It ought also to be noted, however, that petitioner, when called upon, at the conclusion of the hearing upon the trustee's Petition, for citations of authority in support of her claimed position, cited only those Missouri cases referred to in pages 2 and 3 of this Court's memorandum opinion of August 24, 1970. None of such cases relates to the problem of the summary jurisdiction of this Court to hear and determine this or similar controversies.

It should be noted, also, that evidence was not presented at the hearing on the question of jurisdiction. All of the evidence adduced at the hearing is summarized in pages 1 and 2 of said memorandum opinion of August 24, 1970.

■ This Court has summary jurisdiction to determine controversies relating to property over which the Court has actual or constructive possession. 2 Collier on Bankruptcy, 14th Ed., Sec. 23.05(1) et seq., pp. 467 et seq., and cases cited. As taught there, all property in the bankrupt's *actual possession* at bankruptcy is in custodia legis. The Court's summary jurisdiction extends, as well, to property in its *constructive* possession.

Here, the record is silent concerning whether, at bankruptcy, the income tax refund check had, or had not, been received; or whether the claim, at bankruptcy, had only been manifested by the filing of an income tax return; or whether the joint income tax return (upon which the claim was made, to a refund) had been prepared and/or filed. Further, the record is silent concerning, if the refund check had in fact been received, whether the bankrupt or petitioner had the check in his, or her, possession at bankruptcy.

■ Thus, petitioner's trial theory, I believe, was that this Court lacked jurisdiction over her, and her claimed interest in the refund check, merely because (allegedly) the refund, claimed or due because of an overpayment of income taxes, belonged to her and her husband as tenants by the entirety, which (if so) precluded this Court's exercise of power or jurisdiction, to administer upon the refund as an asset of this estate. I believe her trial theory was a limited attack on jurisdiction. I shall not consider that the petitioner waived her broader jurisdictional attack, but shall consider that matter on its merits, judicially noticing the bankrupt's testimony, concerning the claimed refund, given at his first meeting of creditors held on May 18, 1970.

Then the bankrupt testified (and I so find the facts to be, for the purpose of resolving this jurisdictional dispute) that an income tax refund had been claimed, on a joint return (1969) filed with the Internal Revenue Service prior to bankruptcy; that the refund claimed, said to be $591, had not been received. Subsequently, pursuant to an order, bankrupt produced a copy of the return, which reflected that a claim for $561.76 had been made thereupon.

■ Thus, at bankruptcy, the refund check had not been received. In existence, at bankruptcy, then, was the *claim* asserted on a joint return. As stated in the principal opinion, the assertion of the claim on such a return does not confer upon Mrs. Wetteroff any ownership interest in the refund; if so, bankrupt's execution and filing of the joint return does not constitute an assignment to his wife of an interest in the refund.

In Section 23.05(4), Collier on Bankruptcy, 14th Ed., Vol. 2, pp. 485, the authors consider the problem of the summary jurisdiction of the Bankruptcy Court over intangibles and choses in action. Many authorities are cited for the postulates therein stated. It is stated, there, at p. 487,

"Where the intangible consists of a chose in action, such as a debt owed the bankrupt or a contract claim, such intangible may be said to be in the constructive possession of the bankruptcy court so as to enable the court summarily to determine the rights of various claimants to the chose in action, if the bankrupt remained the legal owner up to the filing of the petition."

█ As stated previously, Mrs. Wetteroff does not own any interest in the refund; bankrupt is its sole owner. His having asserted the claim, prior to bankruptcy, even though upon a joint return, and being the owner of the claim, gives this Court summary jurisdiction to determine his wife's claim to it, whether asserted by her in her own right or on behalf of an entirety entity.

\* \* \*

This Court's records, of which this Referee takes judicial notice also, reflect that an order to show cause upon the trustee's Petition was entered on June 25, 1970. That order required that a copy of the Petition and of the order be served on Mrs. Wetteroff on or before July 15, 1970. The Marshal's return of service, filed July 17, 1970, reflects that personal service was had upon her on July 1, 1970, at 11:50 a. m. The petition was heard on August 4, 1970, the date fixed for the hearing in the order to show cause. Thus, she was personally served and given adequate opportunity to be heard. This Court's jurisdiction over her, and over the subject matter of the controversy, is complete.

█ One thing further—a review of this Referee's principal opinion reflects that on page 5 thereof it is expressly stated that bankrupt's wife, the petition-

er, has no interest in the refund. It is not there expressly stated, although the implications thereof in the opinion are otherwise clear, that the entirety entity (she and the bankrupt as wife and husband) does not have an interest in the refund. It is my judgment, for the reasons given in the principal opinion and upon the authorities there cited, that the entirety entity does *not* have an interest in the refund.

Dated at Saint Louis, Mo., this 23rd day of September, 1970.