LOIS GRAVER, Plaintiff-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

Third District   No. 77-433

Opinion filed October 19, 1978.

Robert W. Esler and Jean A. Becker, both of Western Illinois Legal Assistance Foundation, of Rock Island, for appellant.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Special Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Mercer County which affirmed an administrative decision of the Illinois Department of Public Aid to reduce benefits receivable by the plaintiff Lois Graver.

The plaintiff is the mother of eight children, all of whom reside with her. Five of the children receive benefits pursuant to the Illinois aid to families with dependent children statutes (Ill. Rev. Stat. 1975, ch. 23, pars. 4—1 through 4—11), which we will hereinafter refer to as A.F.D.C. The amount which the recipient children received was $294 per month. For reasons not pertinent to this appeal the other children are not receiving State aid.

On April 19, 1976, the plaintiff informed a caseworker for the Illinois Department of Public Aid (hereinafter referred to as the Department) that a joint tax refund payable to herself and her estranged husband had been received in the amount of $1,141. The caseworker informed the plaintiff that one-half of the refund, to-wit, $570.50, would be budgeted by the Department to reduce the A.F.D.C. grant for the months of May and June of 1976. This reduction of aid was to be effected by the Department even though it had knowledge that the plaintiff received only $200 from this income tax refund. The plaintiff had signed the tax return which resulted in the refund; however, all the income reported on the return was that of her estranged husband.

In broad terms the issue presented by this appeal is whether the Department was correct in reducing aid to the plaintiff's children in an amount equal to one-half of the income tax refund.

In addressing ourselves to this issue we first recognize that the

Department in making the reduction in aid was relying on a provision contained in the Illinois Categorical Assistance Manual which is as follows:

> "A lump sum payment received by a client is considered available the month it is received. If the amount of the lump sum payment is sufficient to meet the client's need for a period in excess of 90 days the case is cancelled. If the lump sum payment is less than the client's anticipated needs over a 90 day period, the payment is considered available in determining the extent of need. One half of joint tax returns are to be considered as available income for each payee." Illinois Categorical Assistance Manual, P.O. 510.2(g).

Federal regulations permit benefits to be reduced based on income which is available to a recipient or in which the recipient has a legal interest. See 45 C.F.R. §233.20(a)(3)(ii)(D) (1977).

It is the Department's contention that the provision which we have set forth and which is contained in the Illinois Categorical Assistance Manual provides that one half of the income tax refund is available to the plaintiff and that such contention is supported by Federal regulations. In the light of the circumstances present in the instant case we cannot agree with the Department's contention.

■■ The majority rule of law in our nation is that local law determines ownership of funds received with respect to income reported on joint Federal income tax returns. (See *Duden v. United States* (Ct. Cl. 1972), 467 F.2d 924.) In the case of *Duden* the court further held that where husband was the sole producer of income, wife had no property interest in funds represented by income tax refund check made payable jointly to husband and wife. The Federal court in the case of *Duden* applied Oregon law. Local law pertaining to personal property in determining ownership rights to income tax refunds has also been applied in the States of New Jersey and Wisconsin. See *In re Estate of Carson* (1964), 83 N.J. Super. 287, 199 A.2d 407; and *In re Estate of Trecker* (1974), 62 Wis. 2d 446, 215 N.W.2d 450.

■■ Whether the plaintiff is entitled to an equal share of the joint income tax refund in the instant case is a question to be resolved by an examination of Illinois property law. We first direct our attention as to whether the plaintiff was a joint tenant with her estranged husband as to the amount of money represented by the income tax refund check. In Illinois to create a joint tenancy relationship in property a written instrument is required. (Ill. Rev. Stat. 1975, ch. 76, par. 2.) In the case before us the only written instrument *in esse* is the income tax return and it cannot be construed as creating a joint tenancy relationship between the signers of the same, for it is lacking a fundamental element, to-wit, words of conveyance. For the same reason the creation of a tenancy in common fails.

■■ Did the plaintiff become vested with a half interest in the income tax refund as a result of a gift? This question must be answered in the negative, for in order to effect a gift there must be a delivery of the subject matter of the gift. The plaintiff may well have received a gift of the sum of $200 but this sum is for less than one-half the value of the income tax refund check. In order to have a valid gift there must be present some donative intent expressed either orally or by written communication on the part of the donor. The record in the case before us is barren of any evidence which would support a finding of donative intent on the part of the plaintiff's estranged husband.

The Department in support of its contention that the plaintiff had a legal right to one-half of the refund check attempts to construe the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) as establishing a concept that marital property is to be viewed in the light as being similar to partnership property. At the outset it should be noted that the Illinois Marriage and Dissolution of Marriage Act became effective on October 1, 1977, a considerable time subsequent to the circumstances and litigation which gave rise to this appeal. Of more importance, however, the Act is, as the Department admits, applicable only when parties are attempting to dissolve their marriage. We fail to see the relevancy of the Marriage and Dissolution of Marriage Act to the questions presented in this appeal.

We are not unmindful that there is a case from another jurisdiction with facts strikingly similar to the one we are considering and the reviewing court held that where an A.F.D.C. recipient received a joint income tax refund check payable both to herself and her estranged husband, her share of the refund was available to meet her needs and she was ineligible to continue receiving benefits until that amount was exhausted. (See *Commonwealth of Pennsylvania, Department of Public Welfare v. Gilmore* (1976), 25 Pa. Commw. 406, 360 A.2d 846.) We note that in the case of *Gilmore* the application of local property law was not discussed by the reviewing court. The case of Gilmore appears to be an isolated case insofar as its result is concerned and we are of the opinion that the majority and better view of the law is set forth in *Duden v. United States* (Ct. Cl. 1972), 467 F.2d 924; *In re Estate of Carson* (1964), 83 N.J. Super. 287, 199 A.2d 407; and *In re Estate of Trecker* (1974), 62 Wis. 446, 215 N.W.2d 450.

For the reasons set forth the judgment of the circuit court of Mercer County affirming the administrative decision of the Illinois Department of Public Aid is reversed.

Reversed.

BARRY, P. J., and ALLOY, J., concur.