Alma RUBECK, Appellant
(Objector Below),

v.

AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY, Executor of the Estate of D. Eugene Rubeck, Appellee (Petitioner Below).

No. 1–1085A252.

Court of Appeals of Indiana,
First District.

March 12, 1986.

Rehearing Denied April 18, 1986.

William H. Andrews, Elizabeth N. Mann, Cotner, Andrews, Mann & Chapman, Bloomington, for appellant.

Len E. Bunger and James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellee.

ROBERTSON, Presiding Judge.

Objector-appellant Alma Rubeck (Alma) appeals from the decision of the Monroe Circuit Court overruling Alma's objection to the final accounting submitted by petitioner-appellee American Fletcher National Bank and Trust Company (AFNB), executor of the estate of D. Eugene Rubeck.

We reverse.

The sole issue raised on appeal is whether the trial court erred in finding that the income tax refund check for the tax year 1978 was properly included by AFNB as an asset of the decedent's estate. The facts

relevant to that issue are summarized as follows. Alma Rubeck was married to the decedent, D. Eugene Rubeck, for more than twenty years prior to the decedent's death in June, 1984. Alma and the decedent filed joint federal tax returns each year during their marriage. The tax return for 1978 was audited, and an adjustment was made entitling the Rubecks to a refund of $65,339.50 together with interest in the amount of $31,612.83. In 1984, after D. Eugene Rubeck had died, the Internal Revenue Service issued the refund check for $96,952.33 payable to D. Eugene Rubeck and Alma Rubeck.

Alma contends that she is entitled to the entire proceeds of the income tax refund check for the tax year 1978, because the check was payable to her and her deceased husband. AFNB maintains that the check should be included in the estate, because all the income generated during the tax year 1978 was earned by the decedent and no income was reported by Alma. Both parties agree that state law determines ownership of funds received with respect to income reported on a joint federal income tax return. *See Graver v. Illinois Department of Public Aid,* (1978) 64 Ill.App.3d 820, 21 Ill.Dec. 597, 381 N.E.2d 1044; *In re Estate of Carson,* (1964) 83 N.J.Super. 287, 199 A.2d 407; *In re Estate of Trecker,* (1974) 62 Wis.2d 446, 215 N.W.2d 450.

Indiana's joint tenancy statute governs the ownership rights in the tax refund check payable to Alma and the decedent. IND. CODE § 32–4–1.5–15 (1982) provides:

Personal property, other than an account, which is owned by two (2) or more persons is owned by them as tenants in common unless expressed otherwise in a written instrument. However, household goods acquired during coverture and in possession of both husband and wife, and any promissory note, bond, certificate of title to a motor vehicle, or any other written or printed instrument evidencing an interest in tangible or intangible personal property other than an account, in the name of both husband and wife, shall upon the death of either become the sole

property of the surviving spouse unless a clear contrary intention is expressed in a written instrument.

■ I.C. § 32–4–1.5–15 preserves the nineteenth century preference for tenancy in common. *See* 2 Rev.Stat. of 1852, p. 245. Certain marital property is excepted, however, and a preference for survivorship between spouses is declared. The marital property exception embraces household personal property and property that is either paper or evidenced by paper.

■ AFNB suggests that the marital property exception of I.C. § 32–4–1.5–15 applies only to written instruments supporting an inference that one spouse intended to make a gift or specific conveyance to the other spouse. Because no inference of an intent to make a gift or conveyance can be drawn from the refund check, AFNB reasons that the check was not within the scope of the marital property exception. AFNB's argument represents a departure from the statutory language. I.C. § 32–4–1.5–15 requires no showing of donative intent or transfer. As between husband and wife, the mere use of the joint names carries with it the right of survivorship unless an intention to the contrary is clearly expressed in a written instrument. *Robison v. Fickle,* (1976) 167 Ind.App. 651, 665, 340 N.E.2d 824, 833; *see also Lester v. Lester,* (1974) 160 Ind.App. 671, 313 N.E.2d 357.

■ The income tax refund check for the tax year 1978 constituted a written instrument evidencing an interest in tangible or intangible personal property, other than an account, in the names of both husband and wife. Upon the death of D. Eugene Rubeck, the refund check became the property of Alma Rubeck.

Judgment reversed.

NEAL, J., concurs.

RATLIFF, J., dissents with separate opinion.

RATLIFF, Judge, dissenting.

The statute relied upon by the majority, Indiana Code section 32–4–1.5–15, in holding that the entire tax refund check belonged to Alma Rubeck, is, in my opinion, inapplicable to this case. The tax refund check did not represent "personal property, other than an account, which is owned by two (2) or more persons." Alma Rubeck had no ownership interest. The mere act of filing a joint income tax return cannot be construed to create a joint tenancy in any tax refund which may be due thereunder. *Graver v. Illinois Department of Public Aid* (1978), 64 Ill.App.3d 820, 21 Ill.Dec. 597, 381 N.E.2d 1044; *In re Estate of Trecker* (1974), 62 Wis.2d 446, 215 N.W.2d 450.

In *Duden v. United States* (1972), 467 F.2d 924, 199 Ct.Cl. 668 it was held that a wife had no property interest in a tax refund check made payable to husband and wife jointly where the husband was the sole producer of the income reported on the return. Further, it has been held that merely filing a joint federal income tax return does not vest in the wife any title to part of the tax refund, but rather, the court must look to the actual earnings and withholdings to determine any apportionment of the refund. *In re Carson* (1964), 83 N.J.Super. 287, 199 A.2d 407. The *Carson* court found that under state personal property law, sole ownership of the refund rested in the deceased husband and his estate. *Carson*, 199 A.2d at 4109. *See also, Annot.* 67 A.L.R.3d 1038 *et seq.*, where it is stated that in authorizing the filing of joint federal income tax returns, Congress did not intend to effect a change in the ownership of property rights of taxpayers, and that the filing of a joint tax return does not automatically convert the interest of one spouse in a refund due into a joint ownership with the other party to the marriage. 67 A.L.R.3d at 1038.

The question of the ownership of an income tax refund check issued jointly to a husband and wife as a result of their having filed a joint tax return is to be determined by state law. *Graver*, 21 Ill.Dec. at 599, 381 N.E.2d at 1046; *Duden*, 467 F.2d at 929; *Carson*, 199 A.2d at 408. Therefore, Indiana law governs determination of this issue. I agree with the majority in that respect. However, the majority cites no Indiana law which, in my opinion, leads to the result achieved by the majority opinion.

The refund check was not personal property owned by the husband and wife. Alma had no income whatever. All of the income reported on the tax return was generated by D. Eugene Rubeck, her deceased husband. Neither, in my opinion, is the refund check a promissory note, bond, certificate of title to a motor vehicle, or any other written instrument evidencing an interest in tangible or intangible personal property other than an account. The check in question is not within the purview of Indiana Code section 32–4–1.5–15. The majority's construction of that statute is strained. The case of *Robison v. Fickle* (1976), 167 Ind.App. 651, 340 N.E.2d 824, *trans. denied*, does not support the majority's interpretation here. *Robison* involved corporate stock certificates and bank certificates of deposit which bore the words "as joint tenants with full right of survivorship and not as tenants in common." *Lester, Executor v. Lester* (1974), 160 Ind.App. 671, 313 N.E.2d 357, involved promissory notes and a mortgage in the names of both husband and wife. *Lester* provides no support for the majority either. In both *Robison* and *Lester*, the instruments involved clearly were within those covered by the statute (Ind. Code sec. 32–4–1.5–15). In addition, the language in *Robison* clearly indicated an intention to create a joint tenancy. No such relationship or tenancy is created by the mere act of filing a joint income tax return. *Graver; Duden; Trecker; Carson.*

Furthermore, the trial court specifically found that the D. Eugene Rubeck Estate probably was insolvent, a fact which the majority opinion chooses to ignore. What the majority opinion does is to allow Alma the entire $96,952.33 tax refunded at the expense of Eugene's creditors, a result

which is manifestly unjust. By the simple act of filing a joint income tax return in order to avail themselves of the more favorable tax rates for such taxpayers, a joint tenancy was created in the refund check, if the majority opinion prevails, thereby enabling Alma to profit substantially at the expense of the creditors of an insolvent estate. Such a result is unjust and cannot be supported by applicable state law. Alma earned none of the income reported and upon which the tax was overpaid thereby generating the ultimate issuance, after Eugene's death, of the refund check. As a matter of fact, Alma does not even contend she paid any part of the tax payment with her own separate funds. On the facts of this case, the refund check should be apportioned in accordance with the proportionate income of the parties reflected on the tax return—in this case, one hundred per cent to Eugene and his estate.

The trial court properly decided this matter and the judgment should be affirmed. Therefore, I dissent.