**In re Michael A. SMITH, Debtor.**

**No. 02–37105.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 13, 2004.

Gordon R. Barry, Toledo, OH, for Debtor.

Louis J. Yoppolo, Toledo, OH, trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

By way of the Trustee's Motion for Summary Judgment, a single legal issue has been presented to the Court for resolution: whether *one-half of the Debtor's* overpayment to the IRS is allocable to the

Debtor's nondebtor-spouse, and therefore exclude from his bankruptcy estate, when the nondebtor spouse, although not contributing to the overpayment, signed with the Debtor a joint income tax return? As it concerns this legal issue, both the Debtor and the Trustee were afforded the opportunity, at a Hearing and through the option of submitting briefs, to make arguments in support of their respective positions. The Court has now had the opportunity to consider these arguments, and for the reasons set forth below, finds that the Debtor's entire tax overpayment, and right to receive a refund therefrom, is property of his bankruptcy estate.

The relevant facts giving rise to the issue presented in this case are brief. On October 17, 2002, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, the Court, pursuant to the Trustee's Motion, ordered the Debtor to turnover copies of his 2002 state and federal tax returns as well as the nonexempt portion of any future refunds received as the result of a tax overpayment. In accordance with this Order, the Debtor, after filing his 2002 tax returns, sent to the Trustee copies of the returns, as well as his related W–2 forms. The information contained in this documentation revealed that for the 2002 tax year, (1) the Debtor made a tax overpayment of $3,458.00, and (2) that for all practical purposes, this entire overpayment was allocable solely to the Debtor's earnings, not to the earnings of the Debtor's spouse who apparently was not employed outside the home during the 2002 tax year.

### DISCUSSION

■ The legal issue presented to the Court involves the scope of this Court's order of turnover. Pursuant 28 U.S.C. § 157(b)(2)(E), orders to turn over proper-

ty of the estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments. 28 U.S.C. §§ 157(a)/(b)(1) and 1334.

▰▰▰ Upon the filing of a bankruptcy petition, whether voluntary or involuntary, an estate is created which is thereafter subject to administration by the bankruptcy trustee for the benefit of the debtor's unsecured creditors. 11 U.S.C. §§ 323, 363, 541(a), 704 and 726. The scope of estate property is broad and includes any interest, whether legal or equitable, held by a debtor in property of any kind as of the petition date. 11 U.S.C. § 541(a). In practical terms, estate property will include within its grasp every conceivable interest held by a debtor in property— whether future, nonpossessory, contingent, speculative, or derivative. *In re Barnes,* 276 F.3d 927, 927 (7th Cir.2002). As it relates thereto, it is well-established that the proceeds due from a tax overpayment, such as is at issue here, become property of the estate to the extent that the overpayment was made prepetition, notwithstanding the lack of any present right to receive the proceeds. *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

▰▰▰ Nevertheless, while the scope of § 541 is very broad, it is specifically limited to a debtor's interest in the property; third-party interests are not included. Therefore, a debtor's bankruptcy estate will not include a third-party's undivided interest in property co-owned with the debtor. *In re Murray,* 31 B.R. 499, 501– 02 (Bankr.E.D.Pa.1983). *See also* 11 U.S.C. § 363(h)/(j) (recognizing co-owner's separate interest in property owned with the debtor). It is based upon this tenet, by which the Debtor argues that on ac-count of their joint tax filing, one-half of the proceeds due from his tax overpayment belong solely to his wife, and thus did not become property of his bankruptcy estate. In response, however, the Trustee argues that the Debtor's spouse, despite being a cosignatory on the Debtor's tax return, has no interest in any refund that became due because she did not contribute to the overpayment.

▰▰▰ For purposes of § 541(a), whether a party has an interest in property and the extent of that interest is determined by applicable nonbankruptcy law. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). As this rule relates to a non-earning spouse's property interest in the other spouse's tax overpayment, a court in this same division has held two things. *In re Taylor,* 22 B.R. 888, 890 (Bankr.N.D.Ohio 1982). First, Ohio law, and not federal tax law, controls the issue of whether a debtor has an interest in a tax overpayment. *Id.* at 890. Second, and at the heart of the instant matter, despite being a cosignatory, a "non-income producing spouse has no property interest, . . . in an income tax refund made jointly payable to husband and wife debtors." *Id.* at 891.

As a basis for these holdings, the Court *In re Taylor* adopted the legal reasoning previously set forth in *Butz v. Wheeler,* 17 B.R. 85 (Bankr.S.D.Ohio 1981), stating:

. . . the mere signing of a joint husband and wife tax return by the spouse with no income for the purpose of taking advantage of perceived tax advantages, (does not thereby effect a) metamorphosis converting the nature of the funds into the property of the other party:

Although joint federal tax filings are authorized by 26 U.S.C. Section 6013(a) of the Internal Revenue Code, 26 U.S.C. Section 6013(a) does not affect the own-

ership of property rights in the federal refund check proceeds. A basic purpose of 26 U.S.C. Section 6013(a) is to equalize the tax burden of married couples in common law and community property states. 26 U.S.C. Section 6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing. Similarly, O.R.C. Section 5711.14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

Ohio law explicitly leaves property rights unaltered by the fact of marriage: Neither husband nor wife has any interest in the property of the other, except (implicit in the duty to support), the right to dower, and the right to remain in the mansion house after the death of either. Applied to the case at bar, the instant refund checks represent overpayment of tax obligation incurred solely by the working spouse's earnings, and thus constitute a refund of his wages. In consequence, any check proceeds are the property of the working spouse and are properly includable in his bankruptcy estate, unless validly conveyed by pre-Petition transactions. The fact that the checks name both Debtors as payees, and thus are not transferable without the working spouse's signature, does not alter the underlying property rights in any of the proceeds.

*Id.* at 890. (internal citations, quotations and parentheticals omitted).

Although the factual issue presented in *In re Taylor* was slightly different,—specifically, whether a non-earning debtor-spouse had a right to claim an exemption in a refund due from a jointly filed tax return—this Court finds the above reasoning logically sound. Moreover, given the immutable logic of the court's reasoning in *In re Taylor*, there is simply no basis to limit it to solely the context of a non-incoming producing spouse's claiming an exemption in the tax refund of the other spouse. Thus, this Court takes the position that, for purposes of § 541(a), a spouse has no interest in the proceeds due from any tax refund as the result of the other spouse making a tax overpayment. As for other courts, this, by far, is the prevailing view on the issue. *See, e.g., In re Kleinfeldt*, 287 B.R. 291, 292–93 (10th Cir. BAP 2002) (nondebtor spouse who had no tax withholdings does not have an interest in half of the tax refund despite the filing of a joint tax return); *In re WDH Howell, LLC*, 294 B.R. 613, 620 (Bankr. D.N.J.2003) (non-incoming producing spouse did not have any interest in tax refund checks representing a return of wages earned by her debtor-husband prepetition); *In re Smith*, 77 B.R. 633, 635 (Bankr.N.D.Ohio 1987) ("non-income producing debtor-spouse is without a requisite property interest in a tax refund which would entitle such spouse to an exemption."); *In re Honomichl*, 82 B.R. 92, 94 (Bankr.S.D.Iowa 1987) ("a joint filing does not change the ownership of property rights between taxpayers."); *In re Carey*, 1993 WL 541461 *2 (Judge Williams, Bankr.N.D.Ohio) ("refund of taxes paid by one spouse, who files jointly with the other spouse, remain the property of the wage-earning spouse."). *But see Loevy v. Aldrich (In re Aldrich)*, 250 B.R. 907, 913 (Bankr.W.D.Tenn.2000) ("in an appropriate case a non-income producing non-filing spouse, who is a homemaker that makes substantial contributions to the family, may be entitled to have a property interest in a joint tax refund check, notwithstanding that all the taxable income was generated by the debtor-spouse.")

Consequently, in this particular case, since the Debtor's spouse did not contrib-

ute to any of the tax overpayments made in the year 2002, she has no property interest in any refund due therefrom which can be excluded from the Debtor's bankruptcy estate. As a consequence, the Trustee, subject of course to any applicable exemptions, is conferred with the right to administer any refund that the Debtor is entitled to receive as the result of his 2002 year tax overpayment. As it concerns this decision, a few final observations.

First, it is realized that pursuant to 26 U.S.C. § 6013(d)(3),[1] a non-incoming producing spouse who signs a joint tax return is subject to joint and several liability for any tax owing. This predicament, however, is mitigated by the fact that the filing of a joint return is not mandatory,[2] and as noted above, may confer upon both spouses certain tax advantages. The concern of joint and several liability is also alleviated by the fact that 26 U.S.C. § 6015 relieves an "innocent spouse" from any personal liability on a jointly filed tax return.

Second, it is observed that this holding may also work against the bankruptcy estate in the reverse situation where a debtor's spouse, who is not in bankruptcy, is the only party contributing to the tax overpayment. Finally, it is noted that this Court's holding does not contradict federal income tax law where the rule is that the filing of a joint tax return does not have the effect of converting the income of one spouse into the income of the other, regardless of each spouse's potential liability. *See Robert A. Coerver v. Commissioner of Internal Revenue*, 36 T.C. 252, 1961 WL 1128 (1961), *aff'd. per curiam*, 297 F.2d 837 (3rd Cir.1962).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Motion for Summary Judgment, be, and is hereby, GRANTED.

---

**1.** This section provides, "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

**2.** Section 6013(a) of the Internal Revenue Code states that a "husband and wife *may* make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, ..." (Emphasis added).