**In re Travis LOCK, Debtor.**

**No. 04–60906.**

United States Bankruptcy Court, S.D. Illinois.

July 27, 2005.

Roy Jackson Dent, Charleston, IL, for Debtor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

In this case, the trustee seeks turnover of the debtor's 2004 tax refund, which the trustee contends is property of the estate. The debtor objects that his interest in the tax refund, and thus the estate's interest, is limited to one-half of the total refund, because the other half of the refund belongs to his wife, who is not a debtor in this case. In response, the trustee contends that the debtor's wife, who made no income and paid no taxes in 2004, is not entitled to any portion of the tax refund. At issue is whether one-half of the debtor's federal tax refund is allocable to his nondebtor wife—and therefore excluded from his bankruptcy estate—when the debtor's wife did not contribute to the overpayment giving rise to the refund but signed a joint income tax return with the debtor.

The facts are undisputed. The debtor and his wife filed a joint return for tax year 2004, and the couple subsequently

received a tax refund of $3,734.00. The refund check was made payable to the debtor and his wife, although his wife earned no income and made no withholding payments in 2004. Following the debtor's individual Chapter 7 bankruptcy filing, the trustee filed a motion for turnover of $1,317.05 of the tax refund as estate property. The trustee calculated the estate's interest in the tax refund by deducting, from the total amount of the refund, the debtor's earned income tax credit and child tax credit, as well as the debtor's remaining wild-card exemption that had not been claimed on Schedule C. *See* Ex. B to Debtor's Obj. to Trustee's Mot. for Turnover, filed April 12, 2005 (Doc. 16).

The debtor disputes the amount sought by the trustee, arguing that only one-half of the tax refund belongs to the debtor. The debtor contends that, after deducting applicable credits and exemptions, the estate's interest is $80.95.

■ Under § 541 of the Bankruptcy Code, commencement of a bankruptcy case creates an estate, which is comprised of "all legal or equitable interests of the debtor in property" as of the petition date. *See* 11 U.S.C. § 541(a). The scope of estate property is very broad and includes every conceivable interest held by the debtor in property. *See In re Smith*, 310 B.R. 320, 322 (Bankr.N.D.Ohio 2004). Therefore, proceeds due from a tax overpayment, as in this case, become property

of the estate to the extent the overpayment was made prepetition. *Id.*

■ Despite the broad scope of § 541, however, property of a debtor's estate does not include a third-party's interest in property co-owned with the debtor. *See, e.g.,* 11 U.S.C. § 363(h). It is upon this basis that the debtor argues that his wife's one-half interest in the subject tax refund is not property of his bankruptcy estate.

■ Neither this Court nor the Seventh Circuit Court of Appeals has ruled on the issue of whether a non-debtor spouse who earned no income and made no tax withholdings during the tax year nevertheless has a property interest in a tax refund received after filing a joint return. Among courts that have considered the issue, a majority have held that a non-debtor spouse with no tax withholdings is not entitled to any portion of a couple's tax refund, as the spouse's interest is limited to that portion of the refund attributable to his or her withholdings.[1] *See In re Kleinfeldt*, 287 B.R. 291, 294 (10th Cir. BAP 2002); *In re Smith*, 310 B.R. at 323; *In re WDH Howell, LLC*, 294 B.R. 613, 620 (Bankr.D.N.J.2003); *In re Gleason*, 193 B.R. 387, 389 (Bankr.D.N.H.1996); *see also Gordon v. United States*, 757 F.2d 1157, 1160 (11th Cir.1985). These courts reason that a tax refund is essentially a "repayment" by the government of an overpayment made by the taxpayer.[2] *See Kleinfeldt*, 287 B.R. at 293. If a non-debtor spouse has neither withheld nor

---

**1.** In a variation on this approach, other courts apportion the tax refund between the debtor and the non-debtor spouse based upon their respective incomes, which, in the case of a non-earning spouse, leads to the same result as the majority approach. *See In re Larish*, 149 B.R. 117, 119 (Bankr.M.D.Tenn.1993).

**2.** Section 6402(a) of the Internal Revenue Code governing the payment of refunds provides in relevant part:

(a) In the case of any overpayment, the [government] ... may credit the amount of such overpayment, ... against any liability ... on the part of the person who made the overpayment and *shall ... refund any balance to such person.*

26 U.S.C. § 6402(a) (emphasis added).

paid estimated taxes, all of the money withheld, "and consequently all of the refund," must have originated from, and remains, property of the debtor alone. *Gleason*, 193 B.R. at 389. It follows, then, that some payment or withholding must have been made by the recipient of the refund in the first place. *Kleinfeldt*, at 293.

By contrast, a minority of courts have found that a tax refund should be divided equally between a debtor and non-debtor spouse regardless of their respective tax withholdings or income. *See In re Hejmowski*, 296 B.R. 645, 646 (Bankr. W.D.N.Y.2003); *In re Aldrich*, 250 B.R. 907, 913 (Bankr.W.D.Tenn.2000); *see also In re Barrow*, 306 B.R. 28, 31 (Bankr. W.D.N.Y.2004). Courts adopting this approach look to state matrimonial law, which directs courts to consider both monetary and non-monetary contributions of spouses in making an equitable distribution of marital assets. *See Aldrich*, 250 B.R. at 912. Applying this rationale to the determination of property interests generally, these courts reason that when a non-debtor spouse performs "valuable but economically uncompensated services" for the family that "help give rise to" a joint tax refund, it is only fair and equitable to allow that spouse a joint interest in the tax refund. *Id.*

▮ The debtor in this case relies on the rationale of the minority courts, arguing that it would be contrary to family law in Illinois to deny his non-filing spouse any portion of the couple's joint tax refund. This Court, however, disagrees with the minority courts' premise that state domestic relations law applies in the bankruptcy

context to determine the interests of a debtor and his non-filing spouse. While it is true that property rights in bankruptcy are determined in accordance with state law, *see Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), it is state property law, not domestic relations law, that is applicable for purposes of § 541(a). *See Smith*, 310 B.R. at 322; *In re WDH Howell LLC*, 294 B.R. at 616. Thus, despite the potential equities involved in dividing a tax refund as marital property, the relevant question here is whether the debtor's wife acquired an interest in the refund under principles of Illinois property law.

The court in *Graver v. Illinois Dept. of Public Aid*, 64 Ill.App.3d 820, 21 Ill.Dec. 597, 381 N.E.2d 1044 (1978), examined Illinois law to determine whether a wife, whose husband was the sole producer of income, was entitled to a half interest in a tax refund check made payable to her and her husband as joint filers. The court ruled that the wife had no interest in the refund either as a joint tenant or tenant in common under Illinois property law. *Id.*, at 822, 21 Ill.Dec. 597, 381 N.E.2d 1044. In addition, the wife was not entitled to a half interest in the refund under Illinois law relating to gifts. *Id.*, at 823, 21 Ill. Dec. 597, 381 N.E.2d 1044. The court specifically rejected the argument that the wife had a legal right to one-half of the refund check under the Illinois marital dissolution statute, noting that this statute is applicable only when parties are attempting to dissolve their marriage.[3] *Id.*

The Court is not aware of any Illinois case that contradicts the rule of *Graver*,

---

3. As the court explained in *WDH Howell, LLC,* the policy rationale behind divorce and bankruptcy proceedings is sufficiently inapposite to distinguish .. divorce cases [from bankruptcy cases]. In divorce proceedings, a court is concerned with the equitable

distribution of ... assets between the spouses. [Citation omitted.] In bankruptcy proceedings, however, the court is concerned with the equitable distribution of assets among creditors of the debtor. 294 B.R. at 617.

860

and, accordingly, finds that under Illinois property law, a non-earning spouse who makes no contribution to overpayments resulting in a tax refund is not entitled to the couple's refund check.[4] The mere signing of a joint return by a spouse to obtain the benefit of perceived tax advantages does not thereby effect a conversion of funds of that spouse into property of the other. *See* 1979 Ill. Atty. Gen. Op. 91, * 2 (1979). Although joint federal filings are authorized by § 6013(a) of the Internal Revenue Code, 26 U.S.C. § 6013(a), this provision does not propose, nor does it imply, that any property rights are altered by a joint income tax filing. *See Smith,* 310 B.R. at 322–23.

Applying these principles in the present case, and following the majority rule of courts dealing with the issue of a non-debtor spouse's interest in a joint income tax refund, the Court concludes that the entire amount of the debtor's refund check belongs to the debtor. Accordingly, the trustee's motion for turnover of the estate's interest in the tax refund will be granted.

4. Courts applying state law in other jurisdictions have likewise found that a non-income producing spouse is not entitled to a property interest in a joint tax refund check. *See Duden v. United States,* 199 Ct.Cl. 668, 467 F.2d 924, 930 (1972) (applying Oregon law); *In re Trecker,* 62 Wis.2d 446, 215 N.W.2d 450, 453–54 (1974) (applying Wisconsin law); *In re Estate of Carson,* 83 N.J.Super. 287, 199 A.2d 407, 410 (1964) (applying New Jersey law).