**Tiffany WHITLOW, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–0806–CR–293.

Court of Appeals of Indiana.

Feb. 27, 2009.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Mellisica K. Flippen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

Tiffany Whitlow appeals her conviction by jury of battery resulting in serious bodily injury to a person less than 14 years of age, a Class B felony. We affirm.

The sole issue for our review is whether there is sufficient evidence to support Whitlow's conviction.

The facts most favorable to the verdict reveal that Whitlow married Joshua Whitlow in February 2005. Six months later, Joshua was deployed to Iraq. In September 2005, Whitlow agreed to allow Joshua's six-year-old daughter and three-year-old son to move in with her because their mother was unable to take care of them. One year later, in October 2006, H.W. became upset and began screaming that her father was not coming home from Iraq and that he was going to die. Whitlow "snapped" and hit H.W. several times with a belt. Tr. at 124. Later that evening, Whitlow noticed that H.W. had bruises all over her body. Whitlow told H.W. to tell people that she fell down. Whitlow did not seek medical attention for H.W.

On October 19, 2006, two weeks after the beating, a teacher noticed H.W.'s bruises. The teacher contacted the Department of Child Services, and DCS investigator Leslie Rice was sent to the school. When Rice saw H.W.'s bruises, Rice contacted the Evansville Police Department. Detective Brad Evrard was dispatched to the school and observed the bruises as well. Detective Evrard subsequently interviewed Whitlow, who admitted that she hit H.W. with a belt 3 to 30 times. Whitlow was arrested and charged with one count of class B felony battery.

At the April 2008 trial, eight-year-old H.W. testified that at the time of the 2006 beating, she had bruises from head to toe. She explained that the bruises hurt "bad, bad" and that sitting down or wearing clothes caused the bruises to hurt as well. Tr. at 34. H.W. explained that she had never felt anything close to the way those bruises made her feel, and that the bruises hurt more than getting a shot. Photographs of the bruises taken two weeks after the beating were admitted into evidence. The photographs show large bruises on H.W.'s arms, thighs, back, and buttocks. A jury convicted Whitlow of Class B felony battery, and she appeals.

Our standard of review for sufficiency of the evidence is well settled. We neither reweigh the evidence nor judge the credibility of witnesses. *Hand v. State*, 863 N.E.2d 386, 391 (Ind.Ct.App.2007). Rather, we consider the evidence most favorable to the verdict and draw all reasonable

inferences that support the ruling below. *Id.* We affirm the conviction if there is probative evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

■ Indiana Code Section 35–42–2–1(a)(4) provides that a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery. The offense is a class B felony if it results in serious bodily injury to a person less than fourteen years of age and is committed by a person at least eighteen years of age. Serious bodily injury includes bodily injury that causes extreme pain. Ind.Code § 35–41–1–25. Whether bodily injury is "serious" is a question of degree and, therefore, appropriately reserved for the finder of fact. *Hand*, 863 N.E.2d at 391.

■ Whitlow contends that there is insufficient evidence to support her conviction. Specifically, her sole contention is that there is insufficient evidence that H.W. sustained serious bodily injury. In support of her contention, she directs us to *Davis v. State*, 813 N.E.2d 1176 (Ind.2004) and *Hand*, 863 N.E.2d at 386.

In the *Davis* case, Davis punched his former girlfriend in the mouth and knocked her down. The victim was not prescribed pain medication and did not describe the level of her pain at trial. Under these circumstances, the Indiana Supreme Court found that a lacerated lip, a knee abrasion, and a broken pinky finger fell below the line of serious bodily injury. *Davis*, 813 N.E.2d at 1178. In the *Hand* case, Hand hit his wife several times causing two black eyes as well as bruises to her mouth, shoulders, and hand. At trial, the victim denied that Hand seriously injured her. Because no evidence was presented regarding pain the victim may have felt as a result of her injuries, and because the victim did not seek medical attention or take any pain medication for her injuries, we held that there was insufficient evidence to prove that she suffered serious bodily injury. *Hand*, 863 N.E.2d at 393.

However, the facts of these cases are distinguishable from the facts before us. First, *Davis* and *Hand* were domestic violence cases where neither Davis' former girlfriend nor Hand's wife testified at trial about their level of pain. In fact, Hand's wife testified that she was "happily married" and "wasn't a victim of nothing." *Id.* at 391. In addition, neither woman took pain medication, and Hand's wife did not seek medical attention. Here, however, H.W. described at trial the level of pain that she felt as a result of her injuries. Further, although H.W. did not seek medical attention or take pain medication for her injuries, she was a seven-year-old child who was unable to do so on her own. Rather, she would have required the assistance of Whitlow, the very person charged with causing the injury.

We find that *Buckner v. State*, 857 N.E.2d 1011 (Ind.Ct.App.2006) and *Schweitzer v. State*, 552 N.E.2d 454 (Ind. 1990) are more instructive. In *Buckner*, we held that the victim's testimony that Buckner repeatedly struck her with his hand and fist, causing her severe pain and leaving marks on her body, was sufficient to support Buckner's conviction for battery resulting in serious bodily injury. 857 N.E.2d at 1018. Similarly, in *Schweitzer*, the victim's testimony that she had never been so painfully injured before was sufficient to show that she suffered extreme pain and thus serious bodily injury. 552 N.E.2d at 458.

Like the testimony in *Buckner*, H.W.'s testimony that Whitlow repeatedly struck

her with a belt, causing severe pain and leaving marks on her body is sufficient to support Whitlow's conviction for battery resulting in serious bodily injury. In addition, like the testimony in *Schweitzer*, H.W.'s testimony that she had never felt anything close to the way those bruises made her feel is sufficient to show that the child suffered extreme pain and thus serious bodily injury. There is sufficient evidence to support the jury's finding that H.W. suffered serious bodily injury.

Affirmed.

BROWN, J., and BRADFORD, J., concur.