**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2012, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONNELL CALDWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1108-CR-405 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1008-FB-86

**March 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Donnell Caldwell appeals the six-year sentence imposed by the trial court following his conviction for Class C felony criminal recklessness. We affirm.

## Issue

The issue Caldwell raises is whether the trial court abused its discretion in sentencing him.

## Facts

On August 7, 2010, Stacy Knighten was visiting Caldwell, her boyfriend, while he was working as a security guard for an apartment complex in East Chicago. An argument ensued, and as Knighten was walking away from Caldwell, he shot her with a handgun. Knighten, who is a single mother with seven young children, was left paralyzed from the waist down by the gunshot, was on life support for a month following the shooting, and is in continuing severe pain from the injuries she sustained that she requires medication to treat.

On August 10, 2010, the State charged Caldwell with one count of Class B felony aggravated battery and two counts of Class C felony battery. On June 3, 2011, Caldwell pled guilty to one count of Class C felony criminal recklessness resulting in serious bodily injury and the State dismissed the original charges. On July 12, 2011, the trial court sentenced Caldwell to a term of six years executed. The trial court stated at the sentencing hearing that it was imposing "an aggravated sentence because of the nature and circumstances of this crime." Tr. p. 34. In a written sentencing statement, the trial

court found as an aggravating circumstance that Caldwell "was an on duty security guard at the time of the offense and had a higher responsibility because of his position." App. p. 25. The trial court noted no mitigating circumstances in either its oral or written statements. Caldwell now appeals.

**Analysis**

Caldwell contends the trial court abused its discretion in failing to identify any mitigating circumstances and in its identification of an aggravating circumstance. An abuse of discretion in identifying or not identifying aggravators and mitigators occurs if it is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) (quoting K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006)). Additionally, an abuse of discretion occurs if the record does not support the reasons given for imposing sentence, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Id. at 490-91. Even if a trial court abuses its discretion by not issuing a reasonably detailed sentencing statement or in its findings or non-findings of aggravators and mitigators, we may choose to review the appropriateness of a sentence under Indiana Appellate Rule 7(B) instead of remanding to the trial court. See Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007).

We conclude the trial court abused its discretion in its sentencing statement. In neither the trial court's oral or written statements did it indicate that it was giving any

3

mitigating weight to Caldwell's complete lack of a criminal record. Caldwell was forty-one at the time of the crime and had never been convicted previously of any crime or found to be a delinquent juvenile for any offense. A complete lack of criminal history, particularly for a middle-aged defendant such as Caldwell, generally should be recognized as a "substantial" mitigating factor. See Cloum v. State, 779 N.E.2d 84, 91 (Ind. Ct. App. 2002). It was an abuse of discretion for the trial court not to find Caldwell's lack of a criminal record as a mitigator. See Phelps v. State, 914 N.E.2d 283, 291 (Ind. Ct. App. 2009) (holding trial court abused its discretion in failing to consider defendant's lack of criminal history as a mitigating circumstance).

Finding this clear of abuse of discretion, we choose to proceed directly to analyzing whether Caldwell's six-year sentence is inappropriate, in light of his character and the nature of the offense, and need not address his other abuse of discretion claims. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case."

Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224.

Regarding Caldwell's character, we already have noted his complete lack of a criminal history, which is highly positive. Caldwell also chose to plead guilty, thus saving the State the time and expense of a trial. Generally, a decision to plead guilty weighs in a defendant's favor when assessing his or her character and may, as here, partially corroborate a defendant's expression of remorse. See Cloum, 779 N.E.2d at 90.

However, that weight may be lessened if the defendant received a substantial benefit from the plea agreement. Sanchez v. State, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). Here, Caldwell was facing a charge of Class B felony aggravated battery, but the State agreed to dismiss that charge and to seek conviction only for Class C felony criminal recklessness resulting in serious bodily injury. Caldwell's admitted action of shooting Knighten, resulting in her permanent paralysis below the waist, almost surely could have supported a conviction for aggravated battery. See, e.g., Mann v. State, 895 N.E.2d 119, 123 (Ind. Ct. App. 2008) (noting that aggravated battery and battery resulting in serious bodily injury essentially require proof of the same severity of injury to the victim). Thus, Caldwell received a substantial benefit from the guilty plea, as it

5

resulted in a reduction of his sentencing exposure from a range of six to twenty years to a range of two to eight years.  See Ind. Code §§ 35-50-2-5 and -6(a) (sentencing ranges for Class B and Class C felonies).

Turning to the nature of the offense, we find it to be egregious.  As noted, the injury sustained by Knighten was severe.  "Serious bodily injury," as required to support Caldwell's conviction for Class C felony criminal recklessness, may be established by evidence of "extreme pain" or "permanent or protracted loss or impairment of the function of a bodily member or organ . . . ."  I.C. § 34-41-1-25.  Knighten lost not just the use of a "bodily member or organ," but lost the use of everything below her waist.  She also suffered "extreme pain" not just at the time of the shooting, or for the month she spent on life support thereafter, but also continues to experience severe pain to this day.  Her permanent paralysis and continuing severe pain goes well beyond the minimum needed to prove the existence of "serious bodily injury."  Cf. Whitlow v. State, 901 N.E.2d 659, 661-62 (Ind. Ct. App. 2009) (finding sufficient evidence of "serious bodily injury" based on striking victim with a belt, causing severe pain and marks on the body).

We also find it troubling, as did the trial court, that Caldwell shot Knighten while he was on duty as a security guard.  At that time, Caldwell was supposed to be protecting persons at the apartment complex from the very type of behavior in which he engaged.[1]  Additionally, when Caldwell paralyzed Knighten, he not only harmed her, but it goes without saying that he severely impacted her ability to be a parent to her seven young

[1] We need not determine whether it would have been proper to enhance Caldwell's sentence based on his employment as a security guard if he had not been on duty at the time of the shooting.

children. We conclude that although there is some evidence of positive character on Caldwell's part, the egregiousness of the offense outweighs that evidence and justifies the imposition of a six-year sentence. See Spitler v. State, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (holding that despite evidence of positive character of defendant, egregiousness of offense justified maximum sentence), trans. denied.

## Conclusion

Caldwell's six-year sentence is not inappropriate. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.