## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 29 2018, 5:55 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clyde D. Lewis, III,

*Appellant-Defendant,*

v.

State of Indiana

*Appellee-Plaintiff*

June 29, 2018

Court of Appeals Case No.
31A04-1709-CR-2055

Appeal from the Harrison Superior Court

The Honorable Joseph L. Claypool, Judge

Trial Court Cause No.
31D01-1512-F5-795

**May, Judge.**

[1] Clyde D. Lewis appeals his conviction of Level 5 felony battery on a person less than fourteen years old.[1] Lewis argues the State did not present sufficient evidence to support his conviction and his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On December 17, 2015, staff at Corydon Elementary School observed concerning markings on the back of a child, X.R., who was five years old. The school contacted the Department of Child Services, who then requested an officer investigate potential child abuse. Deputy Carrie Bowers, who has been specially trained to work with children, went to the school, where she met with X.R. and photographed his injuries. X.R. identified "Dad" as the one who caused the marks and explained that "Dad" was Lewis, X.R.'s step-father. (Tr. Vol. II at 12.)

[3] The same day, Deputy Bowers also spoke with Lewis. Lewis acknowledged he had physically disciplined X.R. on December 11, 2015. Lewis said he used his hand to spank X.R. that day, but he admitted using a belt on other occasions. Lewis explained that, on December 11, after he disciplined X.R., he and his wife left X.R. at the home of X.R.'s aunt to stay there for a few nights. Lewis did not notice the marks on X.R. until X.R. returned home from his aunt's

---

[1] Ind. Code § 35-42-2-1 (2016).

house. Lewis believed the marks could have come from X.R.'s aunt or from something at school.

[4] On December 18, 2015, Lewis was interviewed by Detective Nick Smith. During the interview, Lewis admitted using a belt to discipline X.R. on multiple occasions. Lewis also said he "absolutely" could have caused the marks on X.R.'s back. (Tr. Vol. II at 47.) Lewis explained in detail the process of how he would discipline X.R. Lewis was arrested later that day and charged with Level 5 felony battery on a person less than fourteen years old.

[5] At trial, Deputy Bowers and Detective Smith testified about their meetings with Lewis. Deputy Smith testified he understood the statements Lewis made during the interview to be a confession. The court found Lewis guilty and sentenced him to four and a half years.

# Discussion and Decision

## Sufficiency of Evidence

[6] Lewis argues there was insufficient evidence to support his conviction. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* (internal citation omitted).

[7]     To be guilty of Level 5 felony battery as charged against Lewis, the State had to prove: (1) Lewis, (2) who is over the age of eighteen, (3) knowingly or intentionally, (4) touched X.R., (5) who is under the age of fourteen, (6) in a rude, insolent, or angry manner, (7) resulting in bodily injury to X.R. *See* Ind. Code § 35-42-2-1(g)(5)(B). Our legislature defined 'bodily injury' as "any impairment of physical condition, including physical pain," Ind. Code § 35-31.5-2-29, and our Indiana Supreme Court has held simply poking a victim, as long as the victim feels physical pain, constitutes bodily injury. *Bailey v. State*, 979 N.E.2d 133, 143 (Ind. 2012) (sufficient evidence of bodily harm caused by pushing and poking where victim experienced physical pain).

[8]     Lewis admits he physically disciplined X.R. He challenges, however, whether he was the one who caused X.R.'s bodily injury.[2] At trial, photographs of X.R.'s injuries were admitted into evidence. Deputy Bowers testified the marks on X.R.'s back were consistent with a belt. Additionally, Detective Smith's interview of Lewis was entered into evidence and, in that recording, Lewis admits his actions could have caused the marks. Detective Smith, who conducted the interview, believed Lewis' statements were a confession. Also at trial, X.R. testified his "Dad" left the marks. (Tr. Vol. 2 at 27.) Deputy Bowers

---

[2] Lewis also argues the State failed to disprove that X.R.'s bruises are not from discipline by X.R.'s aunt. The State did not have a burden to disprove someone else was at fault for X.R.'s injuries. *See Bruce v. State*, 268 Ind. 180, 194, 375 N.E.2d 1042, 1084-85 (1978) (State need not disprove all other possible causes). The State only had the burden to prove beyond reasonable doubt Lewis was guilty of battery. *See Brent v. State*, 957 N.E.2d 648, 654 (Ind. Ct. App. 2011) (State only needed to present evidence allowing "reasonable inference of guilt"), *trans. denied*.

testified that, when she first met with X.R., X.R. explained "Dad" was Lewis. (Tr. Vol. 2 at 20.) This was sufficient evidence to find Lewis guilty of battery. *See*, *e.g.*, *Hanic v. State*, 406 N.E.2d 335, 338 (Ind. Ct. App. 1980) (holding bruises and scratches, combined with testimony of fight with defendant, sufficient to demonstrate bodily injury was from battery).

## Inappropriate Sentence

[9] Lewis argues in light of his character and the nature of his offense, his sentence is inappropriate.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied, trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[10]   When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). For a Level 5 felony, the sentencing range is a fixed term of between one and six years, with the advisory sentence of three years. Ind. Code § 35-50-2-6. Lewis was sentenced to four and a half years, which is between the advisory sentence and the maximum sentence.

[11]   X.R. had bruises from a belt that were still noticeable a week after Lewis battered him. Indiana Code section 35-31.5-2-292(2) defines serious bodily injury as "bodily injury that creates a substantial risk of death or that causes extreme pain." Although X.R. did not testify to being in extreme pain, this Court has held bruises and other injuries can be sufficient to demonstrate extreme pain even when there is no testimony of pain level. *See Sutton v. State*, 714 N.E.2d 694, 697 (Ind. Ct. App. 1999) (photographs of bruises and witness testimony entitled a jury to infer the victim suffered extreme pain), *reh'g denied, trans. denied*; *see also Whitlow v. State*, 901 N.E.2d 659, 661-62 (Ind. Ct. App. 2009) (victim testified being struck with a belt left her in extreme pain). Lewis inflicted a level of harm to X.R. that was more serious than the simple poke causing momentary pain that was required for his conviction.

When Lewis' character is considered, one relevant fact is the defendant's criminal history. *Johnson v.* State, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). Lewis had an active arrest warrant from Texas, but Lewis did not have a history of criminal activity. Lewis was, however, in a position of authority over X.R. Although he was not X.R.'s biological father, Lewis did fill the role of a father figure for X.R. Lewis was solely responsible for disciplining X.R. and X.R even referred to Lewis as "Pops" and "Dad." (Tr. Vol. II at 12.) Lewis battering and bruising a child he was to be caring for does not speak well of Lewis' character. *See Gellenbeck v. State,* 918 N.E.2d 706, 713 (Ind. Ct. App. 2009) (defendant's custodial relationship to the victim increased the severity of the crime). Considering Lewis' position of authority over X.R., we cannot hold his sentence is inappropriate. *See, e.g., Walter v. State*, 727 N.E.2d 443, 449 (Ind. 2000) (defendant's position of authority found reasonable to uphold sentence).

# Conclusion

The evidence is sufficient to demonstrate Lewis left the marks on X.R's back and therefore is guilty of battery. In light of Lewis' character and the nature of his offense, the sentence of four and half years is not inappropriate. Accordingly, we affirm.

Affirmed.

Mathias, J., concurs

Riley, J., concurs in part and dissents in part with a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clyde D. Lewis, III, *Appellant-Defendant,* | Court of Appeals Case No. 31A04-1709-CR-2055 |
| v. | |
| State of Indiana *Appellee-Plaintiff* | |

**Riley, Judge concurring and dissenting**

While I agree with the majority that the State presented sufficient evidence to establish Lewis' conviction beyond a reasonable doubt, I respectfully dissent from the majority's conclusion that his aggravated sentence is not inappropriate pursuant to Indiana Appellate Rule 7(B).

Lewis is a first-time offender and has no prior criminal convictions. His presentence investigation report indicates that Lewis is in a low category to re-offend. He does not abuse alcohol or drugs and was gainfully employed at the time of the offense. Although Lewis admitted to the offense and believed that

corporal punishment was a normal part of parenting, Lewis took well to the offered guidance after learning that his choice of discipline was not acceptable. While all crimes against children are heinous, the nature of the offense before us is not more egregious than other, similar offenses. Accordingly, I cannot conclude that an aggravated sentence is appropriate. Under the facts before me, I would impose the advisory sentence of three years, with one and one-half-year executed and the remainder referred to probation.